## UNITED STATES v. MASTERS (MORAN, Intervener).

### (District Court, E. D. Missouri, E. D.   March 25, 1920.)

#### No. 7314.

1. **Intoxicating liquors ⬳251—Lien on confiscated vehicle must be proved.**
   Claimant of a lien on an automobile, seized under Volstead Act Oct. 28, 1919, § 26, as having been used for illegal transportation of liquor, must establish his claim by competent evidence.

2. **Internal revenue ⬳34—Unstamped promissory note not competent.**
   A promissory note not bearing the internal revenue stamps required by Act Feb. 24, 1919, § 1107 (Comp. St. Ann. Supp. 1919, § 6318p), by virtue of section 1105 (section 6318n) continuing all applicable prior laws in force, and Act June 13, 1898, § 14 (section 6318hhh), is not admissible in evidence in a federal court.

Criminal prosecution by the United States against David Masters. On application of Frank Moran, intervener, for return of automobile used in transporting liquor.   Denied.

N. C. Whaley, Asst. U. S. Atty., of St. Louis, Mo.
Benj. H. Marbury, of Farmington, Mo., for intervener.

FARIS, District Judge.   Defendant, David Masters, was arrested on the 29th day of February, 1920, while transporting intoxicating liquor in violation of the provisions of title 2 of the Volstead Act (Act Oct. 28, 1919, c. 85, 41 Stat. 305).   The vehicle used by him as a carrier of this illicit cargo was an automobile.   This automobile was seized, pursuant to the provisions of section 26 of said act, and after a hearing upon the question of good cause was ordered sold.   Defendant had theretofore, to wit, on the 11th day of March, 1920, pleaded guilty in this court and been fined the sum of $500 and costs, which fine and costs he paid.

Frank Moran, the intervener herein, as the alleged holder of a chattel mortgage on said automobile to secure the sum of $1,500, evidenced, as it was alleged, by the note of Masters for said sum, intervened, praying that out of the proceeds of the sale of the automobile in question intervener be paid his debt and interest, as evidenced by said note.   This note bore date of February 3, 1920, and became due 30 days after date, and was therefore past due when defendant pleaded guilty and was fined by this court.

This note had no documentary stamps affixed thereto as required by the Internal Revenue Act of February 24, 1919 (section 1107, Act Feb. 24, 1919, c. 18, 40 Stat. 1135 [Comp. St. Ann. Supp. 1919, § 6318p]).   On the ground that no stamps were affixed to the note the government objected to the competency and admissibility thereof as evidence.   The chattel mortgage had not been recorded or filed for record in the state of Iowa, wherein the automobile is alleged to have been at the date of the giving of said note and mortgage, and wherein the intervener and defendant both resided.   Therefore the government objected to the admissibility of the chattel mortgage as not being com-

petent evidence of a bona fide lien. Both of these objections were taken under advisement with the motion of intervention, as being in the view of the court decisive of the intervener's claim. Other evidence in the case tended to show that no part of the note in question had been paid by the intervener. No scienter of the defendant's illicit traffic was brought home to intervener, and upon this phase of the case intervener may be conceded to be a claimant in good faith of the property seized.

That part of the Volstead Act, which this proceeding and the above facts bring up for construction, reads thus:

"Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceedings brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property. If, however, no one shall be found claiming the team, vehicle, water or air craft, or automobile, the taking of the same, with a description thereof, shall be advertised in some newspaper published in the city or county where taken, or if there be no newspaper published in such a city or county, in a newspaper having circulation in the county, once a week for two weeks and by handbills posted in three public places near the place of seizure, and if no claimant shall appear within ten days after the last publication of the advertisement, the property shall be sold and the proceeds after deducting the expenses and costs shall be paid into the Treasury of the United States as miscellaneous receipts." Section 26, Act Oct. 28, 1919.

[1] However harsh the above provisions may be (and this is a question addressed to the legislative branch of the government, and not to the judicial branch thereof), I deem it fairly deducible from the language used by Congress that the lien referred to is a lien which must be established by competent evidence. The mere assertion of a bona fide lien does not prove the fact that the lien is such.

[2] I have reached the conclusion that the promissory note offered here was inadmissible as evidence for lack of documentary stamps thereon, as required by the Revenue Act of 1919, supra. Briefly, this act required the affixing of documentary stamps of the value of 2 cents for each $100 of the amount of the note, or in this case 30 cents in all. Other provisions of the Revenue Act of 1919, supra, provided for the retention in force of all laws relating to the assessment and collec-

tion of taxes, so far as applicable, for the purpose of collecting stamp taxes omitted through mistake or fraud from any instrument, document, paper, or writing. Section 1105, c. 18, 40 Stat. 1134 (Comp. St. Ann. Supp. 1919, § 6318n).

The effect of the above provision was by reference to read into the Revenue Act of 1919 the provisions of the act of June 13, 1898 (Act June 13, 1898, c. 448, § 14 [Comp. St. Ann. Supp. 1919, § 6318hhh]), which has never been repealed, and which so far as pertinent reads thus:

"Hereafter no instrument, paper or document required by law to be stamped, which has been signed or issued without being duly stamped, or with a deficient stamp, nor any copy thereof, shall be recorded or admitted, or used as evidence in any court until a legal stamp or stamps, denoting the amount of tax, shall have been affixed thereto, as prescribed by law."

It follows, therefore, that whatever may be the rule in the state courts as to the admissibility in evidence of documents which are not stamped, though required so to be, the federal courts are bound by the statute quoted, and the note offered to establish the lien of intervener was not competent or admissible in evidence of such alleged lien. Since, therefore, the evidence of intervener's lien has failed, the lien itself must fail.

This view disposes of the case. So I need not take time or space to consider whether the failure to record the chattel mortgage in the county and state of the residence of defendant and intervener is, or is not, also, under the facts, another point of weakness in the case of the intervener, nor, as germane to this point, whether, lacking proof of the law of Iowa, such chattel mortgage was, or was not, required to be recorded therein, nor whether, lacking a record thereof, the government in a seizure of the sort before me stands in the position of a purchaser for value, as does such ordinary purchaser of a mortgaged chattel in the state of Missouri, in a case wherein the chattel mortgage is neither filed nor recorded, as the law of the state of Missouri requires.

The motion of intervener to have his lien declared, and to have paid to him so much of the proceeds of the sale as shall be sufficient to liquidate his debt, should be denied.

Let an order be entered accordingly.