UNITED STATES v. ONE CADILLAC TOWN CAR AUTOMOBILE, etc. (FOSS–HUGHES CO., Intervening Claimant).

Court of Appeals of District of Columbia. Submitted February 8, 1927. Decided April 4, 1927.

No. 4493.

1. **Intoxicating liquors** ⬥245—Provision of Prohibition Act affecting forfeiture of automobile must be strictly construed (National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]).

National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm), relating to forfeiture of automobile used in the transportation of liquor, being penal, must be strictly construed.

2. **Intoxicating liquors** ⬥246—Innocent owners of automobiles seized for liquor transportation are exempt from any liability whatever (National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]).

National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm), exempts innocent owners of automobiles seized for the transportation of liquor from any liability whatever.

3. **Intoxicating liquors** ⬥255—Lienor is entitled to satisfaction of claim from proceeds of automobile seized and sold for transporting liquor only after payment of costs (National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]).

Under National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm), one having lien on automobile seized for the transportation of liquor is entitled to satisfaction of his lien from proceeds of sale of car only after costs have been paid.

4. **Intoxicating liquors** ⬥247—Arrest and conviction of person in charge of automobile seized for transportation of liquor is prerequisite to valid sale, even for payment of costs (National Prohibition Act, tit. 2, § 26 [Comp. St. § 10138½mm]).

Under National Prohibition Act, tit. 2, § 26 (Comp. St. § 10138½mm), automobile seized for transportation of liquor cannot be sold for any purpose whatever, even to the extent of enforcing payment of costs, or fixing terms or conditions for delivery to vendor under conditional sales contract, unless person in charge of it has been arrested and convicted.

Appeal from the Supreme Court of the District of Columbia.

Libel by the United States against one Cadillac Town Car Automobile, Motor No. 59–T–501, with the Foss–Hughes Company as intervening claimant. From a judgment for claimant, the United States appeals. Affirmed.

Peyton Gordon and H. W. Orcutt, both of Washington, D. C., for the United States.

J. D. Sullivan, of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and ROBB and VAN ORSDEL, Associate Justices.

VAN ORSDEL, Associate Justice. An information of libel was filed in the Supreme Court of the District of Columbia by the United States attorney for the District, alleging that on August 1, 1925, an automobile, described therein, was seized in the city of Washington after the driver thereof had abandoned the car and escaped arrest. In the information, condemnation and forfeiture of the automobile is sought on the ground that, when seized, it contained intoxicating liquor, one-half gallon of corn whisky, which the driver was illegally transporting therein, contrary to section 26, title 2, of the National Prohibition Act (41 Stat. 305 [Comp. St. § 10138½mm]).

A warrant of arrest was issued, together with an order of publication, citing Jacob Rosenberg, the owner of the car, and "all other persons having or claiming to have an interest therein," to appear and answer the libel. The Foss–Hughes Company, a corporation dealing and trading in automobiles in the District of Columbia, intervened and answered that it sold the automobile to Rosenberg on June 9, 1925, on a conditional contract of sale, reserving title in the vendor until the purchase price should be paid, and setting forth that there was a balance due and unpaid on the contract of sale of $687.50. The company asked for the return of the automobile, or the payment to it of the balance due on the contract, and for its costs incurred in this proceeding.

The libelant answered, admitting that the automobile was sold without knowledge on the part of the intervening claimant that it would be used for the illegal transportation of liquor, but denied its right to have the automobile returned, alleging that the interest of the person who was in control of the car and unlawfully using it "is subject to condemnation and forfeiture under the provisions of section 26 of title 2 of the National Prohibition Act, and that the same is required to be sold in accordance with law, and the proceeds thereof devoted to the payment of the said lien in favor of the Foss–Hughes Company, subject to the payment of all proper costs and charges which have accrued against the said automobile."

It is stipulated that the automobile "has been appraised by the United States marshal for the District of Columbia at $150, which sum it is agreed is the present outside value of the said automobile." It is conceded that, after payment of costs, the proceeds derived from the sale of the car should be applied to the payment of the lien of the intervening claimant. The case resolved itself in the

court below to the question of costs, and whether or not the automobile could be lawfully forfeited and sold in satisfaction thereof. The court held that it could not, and entered an order directing that the automobile "be delivered forthwith to the Foss–Hughes Company without payment of any costs or expenses by said Foss–Hughes Company." From this order the case comes here on appeal.

The case turns narrowly upon the question of power under the law to declare a forfeiture and sale of the automobile. Section 26, title 2, of the Prohibition Act, provides as follows: "When the Commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the treasury of the United States as miscellaneous receipts. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property. If, however, no one shall be found claiming the team, vehicle, water or air craft, or automobile, the taking of the same, with a description thereof, shall be advertised in some newspaper published in the city or county where taken, or if there be no newspaper published in such city or county, in a newspaper having circulation in the county, once a week for two weeks, and by handbills posted in three public places near the place of seizure, and if no claimant shall appear within ten days after the last publication of the advertisement, the property shall be sold and the proceeds after deducting the expenses and costs shall be paid into the treasury of the United States as miscellaneous receipts."

[1] The statute, being penal, calls for strict construction. It, however, presents no formidable difficulties, since its terms are clear and definite. It provides that, where a vehicle is seized in the transportation of intoxicating liquors, the officer shall take possession thereof, arrest the person in charge, and proceed to the prosecution of the person so arrested. The vehicle may be returned to the owner upon execution by him of a bond providing for the return of the property to the custody of the officer on the day of the trial to abide the judgment of the court. If the person so arrested is convicted, the owner may establish his innocence of guilty knowledge of the unlawful use of the vehicle, in which event it shall be returned to him. If, however, the vehicle be owned by the person arrested and convicted, or it appears that the owner had knowledge of the use to which the vehicle was to be put, the vehicle shall be ordered sold, and out of the proceeds the expenses of keeping the property, the fee for the seizure and cost of the sale, shall be paid first, then all valid liens against the vehicle, established by intervention or otherwise, provided the lienor be an innocent party without knowledge of the use to which the vehicle was to be put, shall be paid in the order of their priorities. After the payment of the costs and the satisfaction of such liens, any balance remaining shall be paid into the Treasury.

[2] It is clear that the statute exempts innocent owners from any liability whatever, and it is contended that, in the event that the person in charge of the vehicle escapes arrest, as in the present case, or should die or escape prior to conviction, the government is remediless. But this is not true. Under section 25, title 2, of the Prohibition Act (Comp. St. § 10138½m), the liquor seized

can be destroyed in any event; and the statute further provides, in its closing sentence, that, in the event no one lays claim to the vehicle seized, it shall be advertised and sold and the proceeds turned into the treasury. It follows, therefore, that if the person in charge at the time of the seizure is the owner of the vehicle, and there are no valid liens against it, his escape from arrest and conviction does not deprive the government of the right to forfeit and sell the vehicle.

This interpretation is in line with the decisions of numerous cases in the federal courts. In United States v. One Cadillac Touring Car (D. C.) 274 F. 470, 472, the court, construing section 26 of the Prohibition Act, said:

"This being a special statutory proceeding, the procedure thus prescribed must, of course, be strictly followed. It seems clear that the section in question contemplates and requires, as a prerequisite to the sale of the property seized, a judicial determination that such property has been used in violation of the law. Considering, then, the reference to the 'person' discovered in the act of violating the law, to the 'person in charge' who is to be arrested, to the 'person arrested' who is to be prosecuted, to the 'day of trial,' and to the order of sale which is to be made by the court 'upon conviction of the person so arrested,' I reach the conclusion that the statute requires as a jurisdictional basis for the sale in question a conviction of the person so arrested, and that until such conviction the court cannot order such sale by virtue of any authority conferred by said section. United States v. Slusser (D. C.) 270 F. 818; United States v. Stephens Automobile (D. C.) 272 F. 188."

See, also, The Saxon (D. C.) 269 F. 639; United States v. One Packard Motor Truck (D. C.) 284 F. 394; United States v. One Buick Roadster (D. C.) 276 F. 407.

In United States v. One Ford Coupé Automobile, 47 S. Ct. 154, 71 L. Ed. —, decided November 22, 1926, the court, distinguishing between section 3450, R. S. (Comp. St. § 6352), authorizing seizure and forfeiture of vehicles under the Revenue Law, and section 26 of the Prohibition Act, seems clearly to indicate that under section 3450 the vehicle is the offender, and must be forfeited if there is a guilty intent on the part of the person who used it; but under section 26 a person is the offender, and the forfeiture of the vehicle extends only to the interests of those sharing in his guilt by having notice that it was to be illegally used. Construing section 26, the court said:

"The provisions for forfeiture of the vehicle and for arrest of the transporter are both incidental to the main purpose of section 26 of reaching and destroying the forbidden liquor in process of transportation. Carroll v. United States, 267 U. S. 132, 155, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790. * * * The section is narrow in scope. The protection accorded is stated explicitly. It does not apply generally to violations of the Prohibition Act, nor to the violation of any provision of the revenue laws. It applies solely to cases of forfeiture incident to the prosecution, as therein provided, of a person transporting liquor by a vehicle in violation of the Prohibition Act."

In other words, section 26 penalizes the vehicle only in the event of the arrest and conviction of the guilty user, subject to the protection of the innocent owner or lienor. This strongly emphasizes the limitations on the power to enforce condemnation and forfeiture.

We are not here concerned with the question of whether or not the government might have proceeded under section 3450, since the proceeding in this case is under section 26 of the Prohibition Act, and the case must be disposed of solely with reference to its provisions. In United States v. One Packard Motor Truck, supra, the facts, as here, involved a case where the person in charge of the automobile had not been arrested or convicted. In holding arrest and conviction to be jurisdictional prerequisites to forfeiture, the court said:

"Among the jurisdictional requisites, however, for the forfeiture of such a vehicle under the Prohibition Act, are the arrest and conviction of the person in charge of such vehicle at the time of its seizure; and as, by the government's own admission, no such person has been convicted or arrested in the present case, at least one of the necessary conditions upon which such forfeiture must be based is lacking, and, under previous decisions of this court, the truck in question cannot be forfeited under the Prohibition Act."

[3, 4] A more difficult question arises from the fact that the intervener is not the owner, but is treated as a lienor. The statute provides for the return of the vehicle to the owner, and, in the case of an intervening lienor, for the satisfaction of the lien out of the proceeds of sale after the costs have been paid. The question, therefore, arises whether or not in any event in the present case, the owner having escaped, a sale of the automobile must not be made, and from the proceeds

the costs paid and the balance turned over to the intervener. In United States v. Smith, et al. (D. C.) 295 F. 624, Rudkin, District Judge, after citing and quoting with approval from a number of state cases to the effect that a conditional sale contract imposes no lien upon property in favor of the vendor, but that he is still to be treated as the owner of the property, approves this holding that the vendor is not a mere lienor, but denies the right of such a vendor to reclaim absolutely and unconditionally his property under the Prohibition Act, holding that before condition broken the purchaser has an interest in the property that is subject to condemnation and forfeiture. Meeting this condition, the court said:

"How, then, may the rights of the conditional vendor be saved without defeating the policy of the law. In my view the way is simple. If, in the opinion of the court, the property will not sell for enough at forced sale to satisfy the claim of the vendor, no sale should be ordered, and the property should be restored absolutely and unconditionally to the owner. If, on the other hand, in the opinion of the court, the property will bring more than the claim of the vendor, it should be ordered sold, but upon condition that no sale should be made for less than the amount of the unpaid purchase price. If a bid for more than that amount is not forthcoming, the property should be restored to the owner; if a larger amount is bid, the property should be sold and the owner paid the full amount of his claim out of the purchase price without deductions of any kind. This procedure will protect the rights of all concerned and impair the rights of none."

This holding was approved by the Circuit Court of Appeals of the Ninth Circuit in Jackson v. United States, 295 F. 620. These decisions in effect treat the vendor in a conditional bill of sale as a lienor, by recognizing an interest in the vendee that is subject to condemnation and forfeiture. The statute makes a sharp distinction between the owner and a lienor. The owner alone under its provisions is entitled to reclaim the vehicle. The lienor has no power under the statute to prevent a sale. Indeed, the statute specifically provides that "all liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property." We think, therefore, that where the conditions precedent to sale and forfeiture of the vehicle obtain, before any steps can be taken by the court to satisfy the lien of the intervener, either out of the proceeds of the sale or by surrendering the vehicle, the costs in the case must be paid.

While there seems to be no statutory authority conferring power on the court under any circumstances to direct the surrender of the vehicle to an intervening lienor, we think the holding in the Smith Case, supra, is equitable, and that it is useless, where the court is convinced that the vehicle would not bring sufficient at forced sale to satisfy the balance due on a conditional sale contract, to incur the expense of sale, instead of returning it to the vendor. There is, however, not that absolute right to the return of the property in the lienor which there is in the owner, and before the lienor can claim even the equitable right to have the vehicle turned over to him the costs must be paid.

This applies, however, only in cases where the jurisdictional prerequisites of arrest and conviction of the person in charge of the vehicle exist. It follows, therefore, that as no sale and forfeiture can be made in the present case, owing to the failure to arrest and convict the person in charge of the vehicle, the court is without jurisdiction over the vehicle for any purpose whatever, even to the extent of enforcing payment of costs or fixing terms or conditions for the delivery of the vehicle to the vendor in the conditional sale contract.

The judgment is affirmed, with costs.