## SHELLIDAY et al. v. UNITED STATES.

Circuit Court of Appeals, Fourth Circuit.
April 10, 1928.

No. 2673.

**1. Intoxicating liquors ⟨⟩251—Burden was on claimant to show want of notice or knowledge of facts putting her on inquiry that automobile was being used in violating prohibition law (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).**

Burden was on one claiming automobile, sought to be forfeited under National Prohibition Act, tit. 2, § 26 (27 USCA § 40) to show not only her ownership thereof, but good cause why it should not be forfeited, that is, that she was without notice or knowledge of facts sufficient to put her on inquiry that it was being used in violating law.

**2. Intoxicating liquors ⟨⟩251—Evidence that wife was living with husband and violating prohibition law held to support judgment forfeiting her automobile used by him in transporting liquor (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).**

Judgment forfeiting automobile, under National Prohibition Act, tit. 2, § 26 (27 USCA § 40), held supported as to wife of one arrested while transporting intoxicating liquor therein by evidence that she was living with husband, and had also been violating act, though it was shown that she was purchaser of automobile.

**3. Intoxicating liquors ⟨⟩246—Indorsee of purchase-money notes held entitled to protection of lien, in absence of notice, or knowledge of facts leading to discovery, that automobile was to be used to transport liquor (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).**

Acceptance corporation, to which purchase-money notes, secured by lien on automobile for balance of price, were indorsed by seller, held entitled to protection of its lien, under National Prohibition Act, tit. 2, § 26 (27 USCA § 40), against forfeiture of automobile, in absence of evidence that either such corporation or seller had notice, or knowledge of any facts which would have put them on inquiry leading to discovery, that automobile was being used, or to be used, for illegal transportation of liquor.

**4. Intoxicating liquors ⬅⟹251—Burden is on intervener in forfeiture proceedings to establish creation of bona fide lien without notice that automobile was to be used in violating prohibition law (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).**

Under National Prohibition Act, tit. 2, § 26 (27 USCA § 40), burden is on lienor, intervening in proceedings to forfeit automobile, to establish that lien claimed is bona fide, and was created without notice that vehicle was being used, or to be used, in violation of such act.

**5. Intoxicating liquors ⬅⟹246—Seller, knowing of facts which should put him on inquiry as to fact that automobile is to be used to transport liquor, is not bona fide lienholder (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).**

Seller, having knowledge of facts which ought to put him on inquiry as to fact that automobile sold is to be used for transporting intoxicating liquor, in violation of National Prohibition Act, cannot willfully shut his eyes thereto and claim to be bona fide lienholder without notice under National Prohibition Act, tit. 2, § 26 (27 USCA § 40).

**6. Intoxicating liquors ⬅⟹246—Seller's failure to investigate court records showing buyer's convictions of violating prohibition law is not equivalent to notice that automobile is to be used in transporting liquor (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]).**

Failure of seller of automobile to investigate court records showing purchaser's convictions of violating National Prohibition Act or make inquiry as to purchaser's character *held* not equivalent to notice that automobile is to be used for illegal transportation of liquor, under National Prohibition Act, tit. 2, § 26 (27 USCA § 40).

**7. Intoxicating liquors ⬅⟹132—Prohibition statute must be strictly construed (National Prohibition Act tit. 2, § 26 [27 USCA § 40]).**

A penal statute, such as National Prohibition Act, tit. 2, § 26 (27 USCA § 40), authorizing forfeiture of automobile used for transporting intoxicating liquors, in violation of National Prohibition Act, is to be strictly construed.

**8. Intoxicating liquors ⬅⟹250—Forfeiture of automobile, used in transporting liquor by one convicted under prohibition law, was properly decreed under such act (National Prohibition Act, tit. 2, § 26 [27 USCA § 40]; 26 USCA §§ 1181, 1182).**

Where person in charge of automobile, being used to transport intoxicating liquor, was proceeded against and convicted under National Prohibition Act, forfeiture of automobile was properly decreed under title 2, § 26, thereof (27 USCA § 40), rather than Rev. St. 3450 (26 USCA §§ 1181, 1182; Comp. St. § 6352).

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; George W. McClintic, Judge.

Libel by the United States of America to forfeit an automobile under the National Prohibition Act, in which Pearl Eva Shelliday, the General Motors Acceptance Corporation, and another intervened as claimants. To review an order of forfeiture, interveners bring error. Affirmed as to first-named intervener, reversed as to named corporation, and remanded.

Claude L. Smith, of Charleston, W. Va. (J. Raymond Gordon and Fred W. Goshorn, both of Charleston, W. Va., on the brief), for plaintiffs in error.

Lawrence L. McClure, Asst. U. S. Atty., of Huntington, W. Va. (B. J. Pettigrew, Acting U. S. Atty., of Charleston, W. Va., on the brief), for the United States.

Before WADDILL and PARKER, Circuit Judges, and SOPER, District Judge.

PARKER, Circuit Judge. On February 13, 1927, at Charleston, W. Va., one O. C. Shelliday was arrested by federal prohibition agents while transporting intoxicating liquor in an automobile, in violation of the National Prohibition Act (27 USCA), and the automobile was seized. Subsequently, upon an information filed against him, he entered a plea of guilty to a charge of violating the Prohibition Act. A libel was filed by the district attorney asking for a forfeiture of the automobile under section 26 of the Prohibition Act (27 USCA § 40), and thereupon intervening petitions were filed by Shelliday's wife, claiming the automobile, and by the Charleston Buick Company and the General Motors Acceptance Corporation claiming a lien thereon. Upon waiver of jury trial, the court found the facts, and entered an order denying the claims of the interveners, adjudging a forfeiture of the automobile, and directing that it be sold, and that the proceeds of sale be paid into the Treasury of the United States. The correctness of this order is the matter challenged by the assignments of error.

[1, 2] On that branch of the case which presents the claim of Mrs. Shelliday, we think that the judgment of the court below should be affirmed. It is true that it is shown that she was the purchaser of the automobile, but it also appears that she and her husband were living together, and that she, as well as he, had been violating the Prohibition Act. When the automobile was captured while being used in the unlawful transportation of liquor, the burden rested upon her to show, not only her ownership, but also good cause why the car should not be forfeited, i. e., that she was without notice and without knowledge of facts sufficient to put her upon inquiry that it was being used in violating the law.

We think that she did not meet this burden, and that the finding of the District Judge, so far as she is concerned, was supported by the evidence. See United States v. One Dodge Coupé, Tennessee License 81–976 (D. C.) 13 F.(2d) 1019; United States v. One Cadillac Town Car Automobile, 57 App. D. C. 183, 18 F.(2d) 1005, 1006.

[3] On the branch of the case presented by the petition of the Charleston Buick Company and the General Motors Acceptance Corporation, however, we think that the action of the judge was erroneous, and must be reversed. It appears that the Charleston Buick Company sold the automobile in question to Mrs. Shelliday on the 4th day of January 1927, taking in exchange a car which she had purchased from that company some two years before, and purchase-money notes secured by lien on the automobile for the remainder of the purchase price amounting to $774. These notes were indorsed to the General Motors Acceptance Corporation, and the first one was paid when due, leaving a balance of $709.50, none of which was due at the time of the seizure. There is no evidence whatever that either the Charleston Buick Company or the General Motors Acceptance Corporation had any notice that the automobile "was being used, or was to be used," for illegal transportation of liquor, or that either corporation or any of its officers had knowledge of any facts which would have put it upon inquiry that would have led to the discovery of that fact. The manager of the Charleston Buick Company testified that, when he made the trade, he had no knowledge of such facts, and no reason to suspect that the car was to be used for such purpose; and there is nothing which impeaches or contradicts his evidence. He further testified that, when Mrs. Shelliday purchased the first car from him, he made investigation as to her financial standing, and found it good; that she met satisfactorily the obligations which she assumed with regard to that car; that he did not deem it necessary to make further investigation when she made the purchase in January, 1927; and that he had no knowledge of her having been convicted of violating the liquor laws. He admitted, however, that he did not examine the court records or make inquiry as to whether she was engaged in the liquor business before selling her the car; and for this reason the judge denied the petition of the Charleston Buick Company and the Acceptance Corporation, holding "that there was insufficient investigation as to the character of the purchaser of the car prior to and at the time of the sale."

[4] The statute under which the forfeiture was declared protects liens according to their priorities, where it is shown that they are established as bona fide liens and as having been created "without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor." USCA tit. 27, § 40. And there can be no question that the burden of proof rests upon an intervening lienor to establish that the lien claimed is bona fide, and also that it was created without notice that the vehicle was being used, or was to be used, in violation of the statute. See United States v. Masters (D. C.) 264 F. 250. In this case, however, the evidence clearly establishes the bona fides of the lien, and it also establishes that, at the time of its creation, the lienor had no notice that the automobile was to be used in the transportation of liquor. Under such circumstances, the lienor was entitled to have its lien protected. Oakland Motor Car Co. v. United States (C. C. A. 9th) 295 F. 626; Jackson v. United States (C. C. A. 9th) 295 F. 620; United States v. Sylvester (D. C.) 273 F. 253.

[5-7] The learned trial judge seems to have based his decision upon the fact that the purchaser of the automobile had been engaged in violating the liquor law, and that there were court records showing her conviction in a number of cases; but, assuming, without deciding, that knowledge of these facts would have been sufficient to put the seller upon inquiry and to have rendered it chargeable with knowledge of what an inquiry would have disclosed, there is no evidence that the seller had knowledge of them, and there is positive testimony that it did not have such knowledge. We do not think that the seller of an automobile is chargeable with knowledge of the fact that the purchaser has been guilty of violating the Prohibition Act merely because there is a court record to that effect.

Of course, if the seller has knowledge of facts which ought to put him on inquiry as to the purpose for which the automobile is to be used, he cannot willfully shut his eyes to such facts and claim to be a bona fide lienholder without notice under the statute. United States v. Kane (D. C.) 273 F. 275. In this case, however, there is nothing upon which to base a conclusion that the seller had knowledge of any such facts. The forfeiture of the interest of the lienor must be reversed, therefore, unless we are prepared to hold that the failure of the seller to investigate the court records or to make inquiry as to the character of the purchaser was equivalent to notice on his part that the automobile was to be used for the illegal transportation of liquor. It is manifestly not the equivalent

of such notice; and to so hold would be to broaden the terms of a penal statute, which, of course, is to be strictly construed. United States v. One Cadillac Town Car Automobile, supra, 57 App. D. C. 183, 18 F.(2d) 1005. [8] It should be noted that the forfeiture in this case was decreed under section 26 of the National Prohibition Act, and not under the Internal Revenue Act, section 3450 of the Revised Statutes (26 USCA §§ 1181, 1182; Comp. St. § 6352). If forfeiture had been sought under the latter section, the interest of innocent lienors would not have been protected. United States v. One Ford Coupé, 272 U. S. 321, 325, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025; Commercial Credit Co. v. United States, 48 S. Ct. 232, 72 L. Ed. ——. As the person in charge of the automobile was proceeded against and convicted under the National Prohibition Act, however, it was not permissible to proceed against the automobile under section 3450. Commercial Credit Co. v. United States, supra; Port Gardner Co. v. United States, 272 U. S. 564, 47 S. Ct. 165, 71 L. Ed. 412; United States v. Commercial Credit Co. (C. C. A. 4th) 20 F.(2d) 519.

The order of the District Court is affirmed in so far as it affects the rights of Mrs. Shelliday, but reversed in so far as it affects the lien asserted by the General Motors Acceptance Corporation; and the case is remanded for further proceedings not inconsistent with this opinion.

Affirmed as to Mrs. Shelliday.

Reversed as to General Motors Acceptance Corporation.