**C. I. T. CORPORATION v. UNITED STATES.**

No. 8650.

Circuit Court of Appeals, Eighth Circuit.

May 3, 1930.

M. T. Woods, Jr., of Sioux Falls, S. D. (J. H. Voorhees and T. M. Bailey, both of Sioux Falls, S. D., on the brief), for appellant.

Frank G. McCormick, Asst. U. S. Atty., of Sioux Falls, S. D. (Olaf Eidem, U. S. Atty., of Sioux Falls, S. D., and Byron S. Payne, Asst. U. S. Atty., of Pierre, S. D., on the brief), for appellee.

Before STONE and GARDNER, Circuit Judges, and MILLER, District Judge.

STONE, Circuit Judge.

This is a proceeding under section 26 of title 2 of the National Prohibition Act (41 Stat. 315, 27 USCA § 40) to forfeit an automobile. From an order of forfeiture, this appeal is brought.

The case was tried below and is presented here on the theory that the appellant is a lienor. This appeal can be disposed of without determining whether appellant is an owner or a lienor within the above section. Without examining that matter, we will determine the case upon the theory that the appellant is a lienor.

A clear intent of the above section is to afford innocent parties opportunity to protect their property interests in vehicles subject thereto. As to lienors, the lien will be protected if "bona fide" and "created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor."

There is no doubt of the "bona fide" character of this lien. The one broad issue, below and here, is whether the lien was "created without the lienor having any notice that" this automobile "was to be used for illegal transportation of liquor."

The "lien" arises out of an installment conditional sales contract made in connection with the purchase of the car by C. A. Lee from Marshall O'Neal. Shortly after the sale, the installment note was disposed of to the appellant, which is a dealer in this character of commercial paper. The purchaser and seller lived at Huron, S. D., where the sale occurred. The appellant is a Delaware corporation apparently having an office at Minneapolis, which seems to be its place of business nearest Huron. There is no room in the evidence for any conclusion that appellant had any notice of the contemplated

illegal use of the car or, before seizure, of its actual illegal use. The question is, really, whether O'Neal had such notice.

"Notice," within this statute, has the ordinary legal meaning of knowledge of the illegal use or of facts which would put a reasonably prudent man upon inquiry. The evidence is as follows: O'Neal had lived all his life in Huron, a small city in South Dakota. For about seven years he had been in the grocery business and for about eighteen months had been selling automobiles also. He had known C. A. Lee for about seven years and had a "speaking acquaintance" with his son, Henry Lee. He knew that C. A. Lee had been in the pool hall business, but for a period of "a few years" he was not doing anything. At the time of the sale he did not know the business of Henry Lee nor of his reputation and made no inquiry in that regard. Henry Lee had purchased a Hudson car theretofore and had brought his father to O'Neal in regard to the purchase of this car. He testified he did not know of the contemplated illegal use of the car or of its being so used before it was seized by the federal authorities. He made no investigation of the business of C. A. Lee or for what purpose the car was to be used, but did know that he had property. To meet this proof, the government established that the purchaser and his convicted son lived together in Huron and were actively engaged in "bootlegging" at the time of this sale. A prohibition officer, a deputy sheriff, the chief of police, and a patrolman testified positively that the reputation of the purchaser, at the time of the sale in Huron, was that he was a "bootlegger." On the other hand, there was the testimony of one witness, another automobile dealer who had sold one of the Lees a car, that he did not know of this reputation.

■ Considering that Huron is not a large place and therefore matters of general knowledge could scarcely escape the attention of a merchant who had lived there all of his life and been engaged in business for seven years, the court was in no wise bound to believe the testimony of O'Neal that he had never heard of the reputation of C. A. Lee. Where the question requiring proof involves a state of knowledge or of mind, triers of fact justly rely upon circumstances which would show knowledge or state of mind rather than upon the bare statement of the interested party himself. Where it is shown by evidence, which the trial court believes, that the purchaser had the general reputation in a small town of being a "bootlegger" at the time of the creation of the lien, the lienor cannot be held to have conclusively established lack of notice merely by testifying that he did not then know of such business or of such reputation. Where such a set of circumstances is shown by the evidence, it is for the trial court to determine whether the lienor did or did not have knowledge of such business or reputation and such knowledge would be notice within the above statute. The burden of proof is upon the lienor to establish lack of notice. United States v. One Dodge Coupe, etc., (D. C.) 13 F.(2d) 1019; United States v. One W. W. Shaw Automobile Taxi, etc., (D. C.) 272 F. 491, and Shelliday v. United States (C. C. A.) 25 F.(2d) 372, 374.

■ Here, the court found "that these people were bootleggers and that it was open and notorious," but the court did not find directly that O'Neal had knowledge of such business or of such reputation at the time the lien was created. There is no finding upon that essential matter because the trial court took the view that the obligation was on the lienor to make inquiry and such inquiry would have developed the above situation. We think the court was in error in this view. The above section places no duty upon the lienor to make inquiry in connection with every automobile involved. He may assume that the purchaser or owner of the automobile is not going to use it for illegal transportation of liquor unless he have knowledge of such facts as would make a reasonably prudent man suspicious and place him upon inquiry.

In the present instance, neither appellant nor O'Neal were required to make any investigation in connection with the sale of this automobile unless they had knowledge of the reputation of the Lees. If they had such knowledge they would act at their peril unless they made inquiry, but until they had such knowledge there was no duty to inquire. As we understand this record, the court made no finding as to the existence or nonexistence of such knowledge but determined that inquiry was essential.

We think the case should be remanded for a new trial, and it is so ordered.