**UNITED STATES v. ONE NASH COUPÉ.**

No. 2035.

District Court, W. D. Pennsylvania.

March 23, 1931.

James H. Dilley, Asst. to Louis E. Graham, U. S. Atty., both of Pittsburgh, Pa.

Abraham Pervin, of Pittsburgh, Pa., for intervener C. I. T. Corporation.

SCHOONMAKER, District Judge.

This case was heard on forfeiture libel, intervening petition of the C. I. T. Corporation to establish a lien against the libeled automobile, and proofs.

From these we find that the allegations under the libel had been sustained; and that the automobile is forfeitable under section 26, title 2, of the National Prohibition Act. (27 USCA § 40).

As to the intervening petition of the C. I. T. Corporation, we find that that corporation has an established lien under a bailment contract with one Morris Silverman in the sum of $743.20, which, under the law, should be paid out of the proceeds of the sale of the property at public auction, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale. Let an order be submitted accordingly.

### Discussion.

The government offered as against the intervening petition of the C. I. T. Corporation, the record of two convictions against Silverman—Record at 4480-C, criminal, on April 5, 1928, and record at No. 3290, criminal, on January 31, 1928, for violation of the National Prohibition Act—for the purpose of establishing that the C. I. T. Corporation had notice that the vehicle would be used in violation of the National Prohibition Act.

There was no evidence that the C. I. T. Corporation had actual notice of these convictions of Silverman; but the government seeks to charge that corporation with constructive notice, contending that it should have searched the criminal records before dealing with Silverman to ascertain whether or not he was an offender against the National Prohibition Act.

This contention we decide against the government on the authority of Shelliday v. United States, 25 F.(2d) 372, adopting the conclusions of Circuit Judge Parker. It may be noted that District Judge Symes has decided exactly the opposite in the case of United States v. Bailey, 42 F.(2d) 908; but we believe that Judge Parker has correctly ruled the legal point involved.