UNITED STATES v. ONE BUICK SEDAN (HERTZ DRIVE–UR–SELF STATIONS, Inc., Intervener).

No. 5440.

Court of Appeals of District of Columbia.

Argued April 7, 1932.

Decided May 2, 1932.

Rehearing Denied May 10, 1932.

Leo A. Rover and Rebekah S. Greathouse, both of Washington, D. C., for the United States.

Nathan B. Williams, of Washington, D. C., for intervener.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, and GRONER, Associate Justices.

GRONER, Associate Justice.

The question we have to decide is whether an automobile seized by prohibition agents, but where no arrest of the driver can be made, may be forfeited under section 3450, Revised Statutes (26 USCA § 1181), if it was being used for the purpose of transporting and concealing intoxicating liquors on which the tax is due and unpaid. The facts are these:

Prohibition agents, stationed at a point near the District line, observed an automobile approaching at a high rate of speed. They followed but lost sight of the car in a bend of the road. Later they discovered it standing at the curb abandoned but with engine running, and containing 120 half-gallon jars of corn liquor. The driver and occupants of the car had disappeared. No arrests were made, or could be made. The automobile and whisky were seized, and later the United States attorney commenced proceedings under Rev. St. 3450 to forfeit the automobile. Appellee filed a plea of intervention as owner to have the car returned to it. The trial court found that it had rented the car to one Stanley G. Gray, who had previously been arrested and convicted of violation of the prohibition law, but that at the time of renting it was without knowledge of any intended unlawful use of the automobile and in no way consented or participated therein. It held that the case was controlled by Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081, and directed the surrender of the car to the owner.

It was stated at the bar that the precise question here involved has not been decided by the Supreme Court. The lower courts have differently decided nearly similar questions. See The Pilot (C. C. A.) 43 F.(2d) 491; U. S. v. One Reo Auto (D. C.) 46 F.(2d) 815; Commercial Credit Co. v. U. S. (C. C. A.) 53 F.(2d) 977; Gillam v. U. S. (C. C. A.) 27 F.(2d) 296–301; Two Certain Ford Autos v. U. S. (C. C. A.) 53 F.(2d) 187; U. S. v. Ford Auto (D. C.) 43 F.(2d) 212; U. S. v. One Studebaker (D. C.) 45 F.(2d) 430; The Ruth Mildred (D. C.) 47 F.(2d) 336.

In United States v. One Ford Coupé, 272 U. S. 321, 47 S. Ct. 154, 71 L. Ed. 279, 47 A. L. R. 1025, it was held that there was no necessarily direct conflict between section 3450 (26 USCA § 1182) and section 26 of title 2 of the Prohibition Act (27 USCA § 40). Mr. Justice Brandeis, who delivered the opinion of the court in that case, said (page 330 of 272 U. S., 47 S. Ct. 154, 157): "The claimant contends that section 3450, in so far as it applied to intoxicating liquor, was superseded by section 26 of the National Prohibition Act. There was no repeal in terms. There cannot be held to have been a repeal by implication, unless section 3450 is in direct conflict with some provision of the National Prohibition Act or of the supplemental act; for Congress has declared in section 5 of the Willis-Campbell Act (27 USCA §§ 3, 53, 54) that in ascertaining its intention in this connection, the standard of mere inconsistency, which had been applied in United States v. Yuginovich, 256 U. S. 450, 41 S. Ct. 551, 65 L. Ed. 1043, shall not prevail."

In Port Gardner Inv. Co. v. United States, 272 U. S. 565, 47 S. Ct. 165, 71 L. Ed. 412, and in Commercial Credit Co. v. United States, 276 U. S. 226, 48 S. Ct. 232, 72 L. Ed. 541, in which cases the owners of the intoxicating liquor had been convicted of transportation under the Prohibition Act, the Supreme Court held the government obliged to proceed under section 26 of the Prohibition Law, and consequently that a proceeding under 3450 was not permissible, and in Richbourg Motor Co. v. United States, supra, the Supreme Court held that where in similar circumstances the owner of the liquor is arrested in the act of transportation, the district attorney may not elect to prosecute under section 3450, Rev. St., but must proceed under section 26 of title 2 of the Prohibition Law.

In all of these cases the decision turned upon the question whether there was conflict between the two sections.

It remains, therefore, to determine whether or not the facts in the instant case necessarily bring it within the terms of section 26 of title 2 of the Prohibition Act, because if they do, the prosecution must be under the provisions of that act, but if they do not, then there is no impediment to a prosecution under the provisions of the revenue act.

Section 26, title 2, provides that upon discovery of a person in the act of transporting intoxicating liquor in any vehicle, etc., it shall be the duty of the prohibition officer to seize the liquors, take possession of the vehicle, and arrest the person in charge. In such a case it becomes the duty of the United States attorney to prosecute under the Prohibition Act, and, upon conviction of the person arrested, the court shall order the liquor destroyed, and unless good cause is shown, shall order a sale by public auction of the property seized. The statute, however, contains a provision for the relief of a bona fide owner of the vehicle without notice of the illegal purpose for which it was used. It will thus be seen that in the case of a seizure of a vehicle in the unlawful transportation of liquor, it is the duty of the officer to arrest the person in charge and to cause his prosecution under the provisions of the Prohibition Act, but only in the event of a conviction can the vehicle used in the transportation of the liquor be legally forfeited and sold. U. S. v. One Cadillac, 57 App. D. C. 183, 18 F. (2d) 1005.

In the instant case the court below found that the liquor contained in the jars was subject to a tax under the laws of the United States, which tax was due before the time of the seizure, and was unpaid. It is perfectly obvious, therefore, that these facts are sufficient to bring the case within the terms of section 3450, and we think equally obvious, insufficient to bring it within those of title 2, § 26. Under the former, every vehicle, etc., used in the removal, or for the deposit or concealment of liquor, on which a tax is due and unpaid, shall be forfeited, whereas under the latter there is no provision for the forfeiture or seizure of the offending thing except upon prosecution and conviction of the driver of the vehicle or the owner of the contraband, for title 2, § 26, with all of its detail, does not provide for seizure except upon the arrest of the owner or driver, nor for forfeiture except upon conviction. In the case at bar there was no arrest, and, as found by the court below, there could be no arrest, so that we have a case which, if it is controlled by title 2, § 26, is immune from prosecution, although admittedly a violation of law. This is an anomaly which we are unable to approve. The effect of the Wills-Campbell Act (42 Stat. 222) was to perpetuate the revenue act and to extend its provisions to cover those cases not covered by the Prohibition Act, and that is precisely what has happened in the case under consideration. There is here no case of election between statutes, but rather a case of a prosecution under 3450 or no prosecution at all. In these circumstances, it seems to us it would be an eccentric result to say the case is controlled by the Richbourg Motor Co. v. U. S. Case, supra.

Reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.