## UNITED STATES v. SOUTHERN AGENCY CO.

### No. 803.

Circuit Court of Appeals, Tenth Circuit.

July 24, 1933.

Ewing T. Kerr, Asst. U. S. Atty., of Cheyenne, Wyo. (Albert D. Walton, U. S. Atty., of Cheyenne, Wyo., on the brief), for the Government.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

This is a proceeding to forfeit an automobile under Rev. St. § 3450, title 26, USCA § 1181. A writ of monition and attachment was issued, and the monition duly published. Before the return day the Southern Agency appeared and set up that it was the holder of a chattel mortgage upon the automobile, and moved for a dismissal of the libel. The cause was submitted upon an agreed statement of facts.

The material facts are these. On June 8, 1932, two Federal prohibition agents pursued the automobile, suspecting that intoxicating liquor was being transported therein. While such pursuit was in progress, the driver abandoned the automobile and fled. The agents examined the automobile and found therein 20 gallons of whiskey upon which no tax had been paid, and took possession of the car. The identity of the driver was unknown to the agents, and he was not arrested nor charged with the transportation of liquor.

The trial court held that under the decision of the Supreme Court in Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 74 L. Ed. 1016, 73 A. L. R. 1081, the automobile was only subject to forfeiture under section 26, title 2 of the National Prohibition Act (section 40, title 27, USCA), and dismissed the libel. The United States has appealed.

Section 26, Title 2 of the National Prohibition Act, title 27, § 40, USCA, which, for purposes of discussion, we shall divide into four parts, reads as follows:

"(1) When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any wagon, buggy, automobile, water or air craft, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law.

"(2) Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle and team or automobile, boat, air or water craft, or any other conveyance, and shall arrest any person in charge thereof.

"(3) Such officer shall at once proceed against the person arrested under the provisions of this chapter in any court having competent jurisdiction; but the said vehicle or conveyance shall be returned to the owner upon execution by him of a good and valid bond, with sufficient sureties, in a sum double the value of the property, which said bond shall be approved by said officer and shall be conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested shall order the liquor destroyed, and unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts. All liens against property sold under the provisions of this section shall be transferred from the property to the proceeds of the sale of the property.

"(4) *If, however, no one shall be found claiming the team, vehicle, water or air craft, or automobile, the taking of the same, with a description thereof, shall be advertised in some newspaper published in the city or county where* taken or if there be no newspaper published in such city or county, in a newspaper having circulation in the county, once a week for two weeks and by handbills

posted in three public places near the place of seizure, *and if no claimant shall appear within ten days after the last publication of the advertisement, the property shall be sold and the proceeds after deducting the expenses and costs shall be paid into the Treasury of the United States as miscellaneous receipts."* (Italics ours.)

Where the driver of the vehicle flees and escapes arrest and prosecution, it has been held that the vehicle is subject to forfeiture under section 3450, supra, in the following cases: United States v. One Buick Sedan, 61 App. D. C. 165, 58 F.(2d) 891, 893, certiorari denied Oct. 10, 1932, 287 U. S. 611, 53 S. Ct. 13, 77 L. Ed. ——; General Motors Accep. Corp. v. United States (C. C. A. 6) 40 F.(2d) 599; United States v. Chevrolet Truck (D. C. Mich.) 30 F.(2d) 830; United States v. One Ford Sedan (D. C. Cal.) 60 F.(2d) 176. These cases are predicated on the proposition that there can be no forfeiture under section 26, supra, unless there has been an arrest and conviction of the person in charge of the vehicle. It is our opinion that they overlook the provisions of part 4 of section 26, supra.

In United States v. One Buick Sedan, supra, the court said:

"It will thus be seen that in the case of a seizure of a vehicle in the unlawful transportation of liquor, it is the duty of the officer to arrest the person in charge and to cause his prosecution under the provisions of the Prohibition Act, but only in the event of a conviction can the vehicle used in the transportation of the liquor be legally forfeited and sold. United States v. One Cadillac, 57 App. D. C. 183, 18 F.(2d) 1005. * * *

"In the case at bar there was no arrest, and, as found by the court below, there could be no arrest, so that we have a case which, if it is controlled by title 2, § 26, is immune from prosecution, although admittedly a violation of law. This is an anomaly which we are unable to approve. The effect of the Willis-Campbell Act (42 Stat. 222) was to perpetuate the revenue act and to extend its provisions to cover those cases not covered by the Prohibition Act, and that is precisely what has happened in the case under consideration. There is here no case of election between statutes, but rather a case of a prosecution under 3450 [26 USCA § 1181] or no prosecution at all. In these circumstances, it seems to us it would be an eccentric result to say the case is controlled by the Richbourg Motor Co. v. United States Case, supra."

But the court that rendered the opinion in United States v. One Buick Sedan, supra, in its opinion in United States v. One Cadillac Town Car Automobile, supra, recognized that part 4 of section 26, supra, applies to cases where the person who was in charge of the vehicle and escaped arrest was also the owner thereof. It there said:

"It is clear that the statute exempts innocent owners from any liability whatever, and it is contended that, in the event that the person in charge of the vehicle escapes arrest, as in the present case, or should die or escape prior to conviction, the government is remediless. But this is not true. Under section 25, title 2, of the Prohibition Act (Comp. St. § 10138½m [27 USCA § 39]), the liquor seized can be destroyed in any event; and the statute [27 USCA § 40] further provides, in its closing sentence, that, in the event no one lays claim to the vehicle seized, it shall be advertised and sold and the proceeds turned into the treasury. It follows, therefore, that if the person in charge at the time of the seizure is the owner of the vehicle, and there are no valid liens against it, his escape from arrest and conviction does not deprive the government of the right to forfeit and sell the vehicle."

We are of the opinion that conviction is only a condition precedent to forfeiture where some one is found in charge of the vehicle, and that where no one is found claiming the vehicle and consequently no arrest is possible, the procedure for forfeiture is governed by the provisions of part 4 of section 26, supra. In other words, where a person is discovered in the act of unlawfully transporting intoxicating liquor in a vehicle, it can be forfeited only under the provisions of section 26, supra. See United States v. One LaSalle Sedan (C. C. A. 9) 42 F.(2d) 446; United States v. One LaSalle Sedan (D. C. Wash.) 43 F.(2d) 219. Two Certain Ford Automobiles v. United States (C. C. A. 5) 53 F.(2d) 187, and Midland Accept. Corp. v. United States (C. C. A. 6) 47 F.(2d) 219, are not to the contrary, because in those cases no persons had been discovered in the act of unlawfully transporting intoxicating liquor in the automobiles involved.

In Richbourg Motor Co. v. United States, 281 U. S. 528, 50 S. Ct. 385, 387, 74 L. Ed. 1016, 73 A. L. R. 1081, the court said:

"The language of title 2, § 26 (27 USCA § 40) is in form mandatory throughout. * * *

"But the prescription in detail, by title 2, § 26 (27 USCA § 40), whenever transporta-

tion is involved, of successive steps to be taken, which, if followed, lead unavoidably to forfeiture under that section and no other, with the important consequence of protecting the interests of innocent third persons, suggests a definite purpose to make the protection effective by bringing all forfeitures in such cases under its controlling provisions. " * * The objective of title 2, § 26, is not the prosecution of the offender, elsewhere provided for, but the confiscation of the seized liquor and the forfeiture of vehicles used in its transportation, to the limited extent specified in the section. Every act which it enjoins on public officials is directed to that end.

"In providing for forfeitures under this section Congress was not unaware that the enactment of the National Prohibition Act would enormously increase seizures of vehicles, beyond those made under section 3450 (26 USCA § 1181), and that their forfeiture would place an increased and heavy burden on many innocent persons, unless afforded some protection by the new legislation. * * *

"We think that Congress did not take the precaution to enact the carefully chosen language of section 26 merely to impose general duties on prosecuting officers already placed on them by other sections of the act, but that its purpose was to preclude the nullification of the protection which section 26 had extended to innocent third persons. * * *

"The conclusion we reach is not without support in the legislative history of title 2, § 26. The clause protecting the interests of innocent lienors was added by amendment in the House of Representatives to H. R. 6810, which became the National Prohibition Act. The sponsor for the amendment pointed out that the procedure prescribed by the section as originally drawn protected the interests of the innocent owner, and stated that the amendment was designed to save from forfeiture the interests of innocent lienors and innocent owners alike. Congressional Record, 66th Cong., 1st Sess., vol. 58, pt. 3, p. 2902, July 19, 1919.

"Report No. 151 of the Senate Judiciary Committee on this bill, August 18, 1919, 66th Cong., 1st Sess., stated that the 'Seizure of any vehicle in which liquor is being transported in violation of law, together with liquor being transported, is authorized, as well as the arrest of the person engaged in such illegal transaction, the property seized to be disposed of under the direction of the court, as provided in § 26.' "

It is true that the court was there dealing with a case where the person in charge of the vehicle was arrested and that the decision is not controlling here, but what was there said throws light on what Congress intended by the provisions of part 4 of section 26, supra.

Manifestly Congress intended to protect the rights of innocent owners and lienholders in a vehicle used in the unlawful transportation of intoxicating liquor. Surely Congress did not intend that the rights of such innocent owners or lienholders should be contingent on the arrest of the person in charge of the vehicle; that is, protected only in the event the person in charge of the vehicle shall be arrested, and lost in the event he escapes arrest. We see no logical reason for such a distinction.

Hence we conclude, in either event, that forfeiture of the transporting vehicle must be had under section 26, supra; that where the person in charge is arrested, part 3 is applicable, and where such person is not arrested, part 4 is applicable.

In cases falling under part 4, such innocent owners or lienholders may appear in response to the notice and set up their claims, and if well founded the court may make such order as will protect their rights.

This construction effects what we conceive to have been the intention of Congress when it enacted section 26, supra, namely, to afford protection to the rights of innocent owners and lienholders in a vehicle, in every case where an officer discovers a person in the act of unlawfully transporting intoxicating liquor in such vehicle, regardless of whether such person is arrested or escapes.

The judgment is affirmed.