### COOPER v. NORTHERN PAC. RY. CO.

(District Court, D. Montana. March 31, 1914.)

No. 265.

1. PENALTIES (§ 3*)—RAILROADS (§ 483*)—FIRES—INJURY TO INDIVIDUALS—
   DAMAGES—"PENALTY OTHERWISE PROVIDED."
   Mont. Rev. Codes, § 4310, requires railroad operators to keep their rights of way free from dead grass and ·combustible material, failing which they are made liable for damages from fire from operating the road, and section 8524 declares that every railroad operator who fails to perform any of the duties required by law with reference to railroads, the penalty for which is not otherwise provided, is punishable by a fine. *Held*, that the damages given to individuals injured by such failure are com-

---

pensatory only, and so are not a "penalty otherwise provided" for within section 8524.

[Ed. Note.—For other cases, see Penalties, Cent. Dig. § 3; Dec. Dig. § 3;* Railroads, Cent. Dig. §§ 1737–1739; Dec. Dig. § 483.*]

2. CONTRACTS (§§ 103, 137*)—VIOLATION OF LAW—VALIDITY—PUBLIC POLICY.
A provision of a contract to exempt another from liability for violation of law is contrary to public policy and void, and if the provision is not severable, it avoids the entire contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 468–476, 701–712; Dec. Dig. §§ 103, 137.*]

3. RAILROADS (§ 470*)—RIGHT OF WAY—COMBUSTIBLE MATERIALS—STATUTES.
Mont. Rev. Codes, §§ 4310, 8524, requiring railroad operators to keep their rights of way free from combustible materials, and providing a penalty and also a liability for damages resulting from fire from operation of the road, are for the benefit of all going on the right of way for purposes of, or incidental to, transportation and of all off the right of way who may be injured by the railroad's failure to perform the duty imposed, but does not extend to trespassers or tenants on the right of way who take the same as they find it, or subject to the terms of their occupancy.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1666; Dec. Dig. § 470.*]

4. CONTRACTS (§ 141*)—CONSTRUCTION—VALIDITY.
Where a contract is fairly open to two constructions, one lawful, and the other unlawful, the former will be preferred and will prevail, unless it appears that there was an intent to make, or that there was actually made, an illegal contract.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 461, 1760, 1761, 1785; Dec. Dig. § 141.*]

5. RAILROADS (§ 469*)—LEASES—CONSTRUCTION—FIRES—EXEMPTION FROM LIABILITY.
A lease of a portion of a railroad's right of way provided that the lessee assumed all risk of loss, damage, or destruction to buildings or contents, or to any other property brought upon or in proximity to the leased premises, without regard to whether such loss was occasioned by a fire or sparks from locomotive engines, or other causes incident to or arising from the movement of locomotives, or whether it was the result of negligence or misconduct of any person in the service of the company. Held, that the lease should be construed as exempting from liability from fire incident to or arising from railway operation, and not from fires due to the railroad company's violation of Mont. Rev. Codes, § 4310, making it the duty of railroad operators to keep their rights of way free from combustible material, and imposing a liability for damages from fire resulting therefrom, and hence it was no defense to an action for loss occasioned by a failure of the railroad company to keep its right of way free from combustible materials.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. § 1665; Dec. Dig. § 469.*]

At Law. Action by Walter Cooper against the Northern Pacific Railway Company. On demurrer to complaint. Overruled.

Ransom Cooper, of Great Falls, Mont., and Geo. Y. Patten, of Bozeman, Mont., for plaintiff.

Gunn, Rasch & Hall, of Helena, Mont., for defendant.

BOURGUIN, District Judge. Plaintiff is lessee of defendant of a part of the latter's right of way. His property thereon, and on adjoin-

ing premises of his, was destroyed by fire due to dead grass, weeds, brush, and other combustible material upon the right of way, fired by sparks and fire from a locomotive moving cars upon the road. The lease, amongst others, contains the following provisions:

"It is understood by both parties hereto that the leased premises are in dangerous proximity to the tracks of the railway company and that persons and property on the leased premises will be in danger of injury or destruction by fire or other causes incident to the operation of a railway, and the lessee accepts this lease subject to such dangers. It is therefore agreed, as one of the material considerations of this lease without which the same would not be granted, that the lessee assumes all risk of personal injury to the lessee and to the officers, servants, employés, or customers of the lessee while on said premises, and all risk of loss, damage or destruction to buildings or contents or to any other property brought upon or in proximity to the leased premises by the lessee, or by any other person with the consent or knowledge of the lessee, without regard to whether such loss be occasioned by fire or sparks from locomotive engines or other causes incident to or arising from the movement of locomotives, trains or cars, misplaced switches or in any respect from the operation of a railway, or to whether such loss or damage be the result of negligence or misconduct of any person in the employ or service of the railway company, or of defective appliances, engines or machinery. And the lessee shall save and hold harmless the railway company from all such damage, claims and losses."

It is alleged the aforesaid combustibles were negligently permitted upon the right of way contrary to defendant's statutory duty, and damages are sought in the sum of $14,778. Defendant demurs for insufficient facts to constitute a cause of action, contending the aforesaid lease furnishes to it a full defense. Plaintiff contends the causes of his loss are not within the lease, and that if they are, the lease is contrary to public policy, unlawful, and void.

Section 4310, Rev. Codes Montana, provides that it shall be the duty of all railroad operators to keep their right of way free from dead grass or combustible material, failing which they shall be liable for damages from fire from operating the road.

[1] Section 8524, Rev. Codes, provides that every railroad operator who fails to perform any of the duties prescribed by law in reference to railroads, the penalty for which is not otherwise provided, is punishable by a fine not exceeding $5,000. Such failure is within the statutory definition of a misdemeanor. The common law of contracts has been largely incorporated in the Revised Statutes. It would seem that the law of the state imposes a positive duty upon railroad operators to keep clear of combustibles their right of way, and makes any failure therein a public offense, punishable by fine. The damages given to individuals injured by such failure are not extraordinary, but compensatory only, and so are not a penalty otherwise provided for within section 8524 supra.

[2, 3] The duty imposed as aforesaid is in behalf of the public, and for its breach is a penalty to the state for the public wrong and damages to the individual for his private injury—the usual consequences of public offenses inflicting private injury. It is familiar law that any contract which tends to exempt from liability for a violation of law is contrary to public policy and void. And if any part of a

nonseverable contract is thus void, the entire contract is rendered void. The law aforesaid in respect to railroad rights of way is for the benefit of all going upon such way for purposes of or incidental to transportation, and of all off said way who may be injured by the railroad's failure to perform the duty imposed. It does not extend to trespassers or tenants upon the said way. They take it as they find it, or subject to the terms of their occupancy. See cases, Checkley v. Illinois Central Ry. Co., 257 Ill. 491, 100 N. E. 942, 44 L. R. A. (N. S.) 1129. These terms may be exemption from liability for the railroad's negligence, and for fires such as here involved because the duty aforesaid in respect to rights of way does not extend to such tenants. They may even extend to such exemption for negligence in respect to property off the right of way, but cannot for violations of law and public offenses.

[4] As the lease involved is a nonseverable contract, if it is construed to exempt defendant for the losses involved it is unlawful and void in that it undertakes to exempt defendant for losses to property off the right of way and losses due to defendant's commission of a public offense. If this is the intent of the parties, these consequences cannot be avoided, and the demurrer must be sustained in that, the contract being pleaded, plaintiff is in pari delicto, and the law leaves him where he has placed himself. But it is also familiar law that if contracts be fairly open to two constructions, one lawful and one unlawful, the former is to be preferred. Hobbs v. McLean, 117 U. S. 567, 6 Sup. Ct. 870, 29 L. Ed. 940.

[5] It is presumed parties intend legal contracts, and contemplate no violation of law—no public offenses. Contracts are presumed to be legal, and this prevails unless it appears there was intent to make, or there actually was made, illegal contracts. The lease involved exempts from liability from fire incident to or arising from railway operation. Such fire is a common hazard from lawful railway operation. Therein is a broad field for this covenant of the lease, without extending it by implication to fires due to unlawful operation, or due to a concurrence of lawful operation and unlawful acts, viz., violation of law in respect to conditions of the right of way. The latter is not within the letter of the lease, nor is it within reasonable interpretation thereof. The lease may be likened to a contract of insurance against fire, which would not insure against fire due to unlawful storage of explosives, though not prohibited therein. The fire involved is due, not to the operation of the road for which there is no liability by virtue of the lease, but is due to operation of the road and violation of law in respect to the condition of the right of way for which there is no exemption by virtue of the lease.

The situation invokes the rule that where damage follows acts of neglect for some of which the actor is not liable and for some of which he is liable, he must respond by reason of the latter.

It cannot be maintained that the fire involved is of those naturally or usually following operation of a railroad, and so incident to or arising from such operation within the terms of the lease. For these reasons the plaintiff is entitled to invoke section 4310, supra, in respect to the

property destroyed off the right of way, and to invoke the general law in respect to the property destroyed upon the right of way.

The complaint is sufficient for both, and the demurrer is overruled.