### OAKLAND MOTOR CAR CO. v. UNITED STATES.

(Circuit Court of Appeals, Ninth Circuit. January 7, 1924.)

Nos. 4025–4027, 4065.

1. **Intoxicating liquors** ⊛⟹246—**Interest of innocent party in automobile used in illegal transportation not subject to forfeiture.**

The purpose of the provisions of National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), respecting forfeiture of vehicles used for unlawful transportation is to penalize only the lawbreaker and protect the interests of innocent persons in the vehicle, and, the vendor, under a conditional sale, of an automobile so being used by the purchaser, who proves that he has a lien for a balance due on the purchase price, and that he had no knowledge of the unlawful use of the automobile, is entitled to payment of his lien from its proceeds.

---

⊛⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**2. Intoxicating liquors ⬤═253 —Proceedings for forfeiture of vehicle held reviewable.**

> Where the petition of an intervener, claiming a lien on or interest in an automobile seized while being used in the unlawful transportation of liquor, was heard on the petition, answer, and affidavits, which are in the record, a bill of exceptions is not necessary to a review.

Appeals from and in Error to the District Court of the United States for the Southern Division of the Northern District of California; John S. Partridge, Judge.

The Oakland Motor Car Company, the De Maritini Motor Truck Company, the Howard Automobile Company, and the H. O. Harrison Company filed separate petitions in intervention, asserting interests in automobiles seized by the United States. From orders denying these petitions, the three first named severally appeal, and the H. O. Harrison Company brings error. Reversed and remanded.

Hartley F. Peart, of San Francisco, Cal., for appellants.

Redman & Alexander, of San Francisco, Cal., for plaintiff in error.

John T. Williams, U. S. Atty., and T. J. Sheridan, Asst. U. S. Atty., both of San Francisco, Cal.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. [1] The appellants in these cases seek to review the judgments of the court below in denying their petitions as interveners asserting their interest in automobiles to which they claimed title, and which had been seized for forfeiture on proceedings under section 26, title 2, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½mm), against persons to whom the automobiles had been delivered on conditional bills of sale. The question of law presented in each of these cases has been met and answered by the decision of this court in Jackson v. United States (No. 4046) 295 Fed. 620. In that case we held that the purpose of the act was to penalize only the lawbreaker and to protect the interests of innocent persons in the vehicle which he unlawfully used, and that the vendor under a conditional sale of an automobile which has been used by the purchaser for unlawful transportation of liquor, who proves that he has a lien for a balance due on the purchase price and that he had no knowledge of the unlawful use of the automobile, is entitled to the payment of his lien out of the proceeds of the sale of the automobile, following U. S. v. Sylvester (D. C.) 273 Fed. 253. We find nothing in the laws of California which distinguishes these cases from the Jackson Case.

[2] The point is made that in three of these cases there are no bills of exceptions, and it is said that the record therefore is insufficient to enable this court to determine whether the court below erred in refusing the application of the appellant. But in the record in each of the cases it is shown that decision was rendered on the petition, the affidavit, and the answer to the petition. These papers brought before the court questions for decision, and according to our ruling in the Jackson Case it was the duty of the court below to entertain and de-

termine the questions so presented. A bill of exceptions could have served no useful purpose.

In the Jackson Case we held that, if in the opinion of the court the automobile will not sell for enough at forced sale to satisfy the claim of the owner, no sale should be ordered, and the machine should be restored to him absolutely, but that if, on the other hand, in the court's opinion the property will bring more than the claim of the owner, it should be ordered sold, but on condition that no sale be made for less than the amount of the unpaid purchase price, and that, if a bid for more than that amount is not made, the property should be restored to the owner, and, if a larger amount is bid, it should be sold and the owner paid the full amount of his claim.

The judgments are reversed in each case, and the causes are remanded to the court below for further proceedings in accordance with the views herein expressed.