## FIDELITY & DEPOSIT CO. OF MARYLAND et al. v. MOORE, Ins. Com'r of Oregon.

(District Court, D. Oregon. January 12, 1925.)

No. 8678.

1. **Contracts ☞108(1)—Power to declare contracts void as against "public policy" should be exercised only where case free of doubt.**

Power of courts to declare contracts void as against public policy should be exercised only where case is free of doubt; "public policy" being that principle of law which holds that no citizen may lawfully do that which tends to injure public, as declared by law and decisions of courts.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Public Policy.]

2. **Contracts ☞141(1)—Presumed parties intend legal contracts, where subject-matter thereof not illegal.**

It is presumed that parties intend legal contracts, and contemplate no violation of law, where subject-matter thereof is not illegal.

3. **Contracts ☞103—Contract tending to interfere with enforcement of law, or offering temptation to violate law, or indemnifying against consequences of illegal act, void.**

Any contract having manifest purpose or tendency to interfere with due enforcement of law, or which offers temptation to violate law, or which indemnifies another against consequences of illegal act, is void.

4. **Insurance ☞138(1)—Insurance policy does not necessarily beget negligence.**

Because temptation to negligence may probably result from insurance policy, it cannot be said that policy necessarily begets negligence, so as to be against public policy.

5. **Insurance ☞139—Interest of vendor of automobile, who retains title or mortgage as security for price, held not fully protected by prohibition laws.**

Though under Laws Or. 1923, p. 43, § 11, and National Prohibition Act, tit. 2, § 26 (Comp. St. Ann. Supp. 1923, § 10138½mm), interest of innocent vendor of automobile, who retains title or mortgage, is not forfeited by seizure for vendee's violation, vendor's interest is not fully protected, so as to render insurance against confiscation contrary to public policy, in view of Act Cong. Nov. 23, 1921 (Comp. St. Ann. Supp. 1923, §§ 10138½aaa, 10138½bbb, 10138½ccc, 10138⅝–10138⅝e), continuing all penalties for violation of laws in effect, when National Prohibition Act was adopted.

6. **Insurance ☞139—Confiscation bonds, covering loss to seller of automobile from confiscation because of buyer's illegal act, held not against public policy.**

Confiscation bonds, whereby insurance company agrees to indemnify seller of automobile retaining title or mortgage for loss resulting from confiscation of automobile for purchaser's violation of law, without seller's permission, *held* not to contravene public policy.

In Equity. Suit by the Fidelity & Deposit Company of Maryland and others against Will Moore, Insurance Commissioner of the State of Oregon. On defendant's motion to dismiss. Motion overruled.

Griffith, Peck & Coke, of Portland, Or., for plaintiffs.

I. H. Van Winkle, Atty. Gen., and Willis S. Moore and Grace E. Smith, Asst. Attys. Gen., for defendant.

BEAN, District Judge. This is a suit to enjoin the state insurance commissioner from enforcing an order made by him in canceling and withdrawing licenses heretofore granted by his department to plaintiffs to issue confiscation coverage contracts (in connection with insurance on automobiles containing conditional sales indorsements, where embezzlement coverage is also given) in favor of the vendors of such automobiles, who retain title to or mortgages thereon to secure the unpaid purchase price, agreeing to indemnify them against all direct or pecuniary loss which they may sustain, caused by confiscation thereof for a violation (other than by the assured or with the permission of the assured) of any municipal, federal, or state law to the extent of the unpaid installments (but not exceeding the actual cash value of the automobile at the time of such confiscation, or two-thirds of the purchase price), less the amount, if any, received by the assured from the proceeds of the sale of the vehicle under a judgment or order of the court; the contract containing a statement that it is intended to protect only the interest of the assured, and a warranty "that the assured has had no notice or knowledge that the vendor is unreliable, dishonest, or unworthy of confidence."

The defendant justifies his action on the ground (1) that under the laws of Oregon foreign insurance companies are not authorized to issue contracts such as are involved in this suit; and (2) that such contracts are against public policy, in that they serve to impede the regular administration of justice, by encouraging the transportation of intoxicating liquors by the vendees in violation of the law of the state and nation.

By the law of Oregon, any insurance company which has qualified to transact its appropriate business in the state may be licensed to issue any class of insurance permitted under the laws of the state, and which it may issue under its charter and the laws of the state where it has its home office. Or. L. § 6338. And any foreign corporation may be granted permission to transact the business of accident, health, liability, etc., and "insurance against any other loss or casualty which may lawfully be the subject of insurance and for which no other provision is made by the laws of this state." Section 6343.

The plaintiffs are foreign insurance companies which have fully complied with the laws of the state authorizing them to do business therein and have been duly licensed by the insurance commissioner. They are therefore authorized to issue policies of insurance covering the several subjects mentioned in the statute, "and against any other loss or casualty which may lawfully be the subject of insurance." If the probable or possible loss or injury to the vendor of an automobile, who retains title to, or a mortgage thereon, to secure the unpaid purchase price, by reason of the confiscation of the vehicle for a violation of law by the vendee without his knowledge or consent, can lawfully be the subject of insurance, plaintiffs are authorized to issue such contracts.

[1, 2] The controlling question, therefore, in the case, is whether the confiscation coverage contracts in question are against public policy and void. The courts always proceed with caution when invoked to declare a contract void on the ground of public policy, and will not do so unless such purpose is manifest. It is presumed that parties intend legal contracts, and contemplate no violation of the law, where the subject-matter thereof is not forbidden by law or the declared policy of the state. The power of courts to declare a contract void because in contravention of public policy is a very delicate and undefined power, and, like the power to declare a statute unconstitutional, should be exercised only in cases free from doubt. Stephens et al. v. S. P., 109 Cal. 86, 41 P. 783, 29 L. R. A. 751, 50 Am. St. Rep. 17. It is not easy to give a precise definition of public policy. It is said to be that principle of law which holds that no citizen can lawfully do that which has a tendency to be injurious to the public, or against the public good, as declared by the law and decisions of the courts. Spaulding v. Maillet, 57 Mont. 318, 188 P. 377.

[3] Any contract which has for its manifest purpose a tendency to interfere with the due enforcement of law, or which offers a temptation to violate the law, or which undertakes to indemnify another against the consequence of an act which is illegal, is void. 6 R. C. L. p. 757; 14 R. C. L. p. 887; 31 C. J. p. 425; Cooper v. N. P. (D. C.) 212 F. 533. If the purpose and intent of the contracts involved in this case is to indemnify the assured against the violation of law by himself or with his permission, or to hamper or impede the enforcement of the law against the actual offender, they would unquestionably be against public policy and void; but they do not undertake to indemnify the vendor of an automobile against the consequences of a violation of law by himself, or by any one else by his consent or permission. Indeed, it is provided that in the latter event the contracts shall not be effective, nor do they interfere with nor im-

pede the due enforcement of the law against the offender, or confer protection on or indemnity to him. The purpose and effect is, not to protect a violator of law, but to guarantee to the vendor his security if the law should be violated by his vendee without his knowledge or consent. It cannot be distinguished in principle, it seems to me, from insurance issued to employers, indemnifying them against loss or damage on account of the defalcation or embezzlement of their employés, and such contracts are common, and have never been considered void on the ground of public policy, as far as I know.

[4] It may be said that the contracts would have a tendency to make the vendor of an automobile negligent in investigating or inquiring as to the character of his vendee, or the business in which he proposed to engage; but the same may be said with reference to fire insurance on buildings occupied by tenants, or contracts to reimburse the insured against liability to those who suffer from the negligence of their employés. Because a temptation to negligence may probably result from an insurance policy, it cannot be said that the insurance policy necessarily begets negligence. Cal. Ins. Co. v. Union Compress Co., 133 U. S. 387, 10 S. Ct. 365, 33 L. Ed. 730; 6 R. C. L. 730.

[5] It is argued that the lien of a vendor of an automobile sold on credit is fully protected from loss by reason of a violation by his vendee of the state and federal prohibition laws. This is not so clear. It is true that under section 11, chapter 29, Laws of Oregon of 1923, and section 26 of title 2 of the National Prohibition Act (41 Stat. 315 [Comp. St. Ann. Supp. 1923, § 10138½mm]), the interest of an innocent vendor of an automobile, who retains title or a mortgage thereon to secure the unpaid purchase price, is not forfeited by the seizure of the vehicle for a violation by his vendee of the prohibition law (Oakland Motor Car Co. v. U. S. [C. C. A.] 295 F. 626); but whether the costs and expenses of the seizure are a prior lien on the vehicle in case its value is not equal to the lien of the vendor is an unsettled question.

But, however that may be, by the Act of Congress of November 23, 1921 (42 Stat. 222 [Comp. St. Ann. Supp. 1923, §§ 10138½aaa, 10138½bbb, 10138½ccc, 10138⅘–10138⅘e]) all laws in regard to the manufacture, taxation and traffic in intoxicating liquor, and all penalties for the violation of such laws that were in force when the National Prohibition Act was enacted are continued in force and effect (U.

S. v. Stafoff, 260 U. S. 477, 43 S. Ct. 197, 67 L. Ed. 358), and under those laws a vehicle used by one who has it on credit from the owner in the removal or concealment of intoxicating liquors with intent to defraud the United States of the tax thereon is subject to seizure and forfeiture, although the owner or lienholder is without notice of and not a party to the forbidden use (Goldsmith-Grant Co. v. U. S., 254 U. S. 505, 41 S. Ct. 189, 65 L. Ed. 376). The interest of a vendor in an automobile sold on credit is therefore not fully protected by the provisions of the state and federal prohibition laws referred to.

[6] In my judgment, the confiscation bonds proposed to be issued by the plaintiffs do not contravene public policy. They are not forbidden by law, and do not undertake to indemnify the assured against damages resulting to him because of his violation of the law, or that of any one else with his knowledge or permission. Nor do they interfere in the slightest degree with the prosecution of offenders against prohibition or other laws. They promise no protection to the offender, and afford him no advantage over other law breakers. They are merely agreements on the part of the insurance companies that, if perchance the purchaser of an automobile should violate the law, and the vehicle be seized by the authorities and not returned to the vendor, it will reimburse the vendor for his loss or damage on account of such seizure in a sum not exceeding the balance unpaid on the purchase price. By the express terms of the contracts the insured warrants that he has no notice or knowledge that his vendee is unreliable, dishonest, or unworthy of confidence, and agrees that the policy shall not apply or be in force in case of a violation of the law by himself or with his knowledge or permission.

They do not insure against the actual results of a confiscation for a violation of the law, or the penalty inflicted or the damages sustained by the culprit. They cover nothing but the loss of property of the insured, like fire, theft, or embezzlement insurance, the last two of which necessarily involve criminal acts of the person committing the same, although not the person insured. The vendee is not a party to the contract, and is no more protected by it than is a thief, who steals an automobile covered by theft insurance.

It follows, therefore, that the motion to dismiss should be overruled; and it is so ordered.