CONSTITUTION PUBLISHING COMPANY, PETITIONER, *v.* COMMISSIONER
OF INTERNAL REVENUE, RESPONDENT.

Docket No. 34159.   Promulgated February 27, 1931.

*W. A. Sutherland, Esq., Joseph B. Brennan, Esq.*, and *L. L. Davis,
C. P. A.,* for the petitioner.

*L. W. Creason, Esq.*, for the respondent.

OPINION.

TRAMMELL: The petitioner contends that the consent in writing which extends the time for making assessment of the amount of income or profits taxes due under any return "for the year 1922, seven months ended July 31," is not sufficient to extend the time for assessing the tax for the calendar year 1922, which is the period involved in this proceeding.

The expression "for the year 1922" and the expression "seven months ended July 31" are conflicting. The "year 1922" without any qualification, can be taken as meaning the calendar year. If either expression were used alone the meaning would be clear enough and it would not be necessary to resort to the usual rules of statutory construction of a doubtful or ambiguous instrument. When the two expressions are used together the instrument is ambiguous. If the expression had been "seven months ended July 31, 1922," or the "taxable year 1922, seven months ended July 31," we might well conclude that the period stated in the instrument was only the short period and not the calendar year and that the parties by mutual mistake had included the wrong period in the waiver. It might be reasonable to conclude that the period ended July 31, 1922, was referred to in the waiver.

The question here is whether the instrument contains a mistake of expression as to the period, both parties intending something else, that is, whether the instrument embraced terms not intended by the parties and does not contain their true meaning and intention, or

whether the expressions used are merely ambiguous and are subject to the rules of construction for ambiguous instruments. If the language used were clear and without ambiguity and referred to the period " ended July 31, 1922," we can not resort to any rules of construction to give the waiver a different meaning, regardless of the intention of the parties. We are without power of a court of equity and we can not substitute another consent for that expressed by the parties. We can not reform the instrument, although both parties intended something else. On the other hand, if the expression used and the language of the instrument is merely ambiguous, the rules of construction with respect to doubtful or ambiguous contracts or documents are applicable here. Upon this ground we have the right and it is our duty to determine what period the parties intended by the expression used. An instrument is clearly ambiguous and is open to construction when its words, taken literally, lead to absurdity or have no meaning or when two meanings could be given. The " year 1922 " and " seven months ended July 31 " are inconsistent with each other and both expressions as used in this instrument can not be given full effect. One party to it says that it refers to one period and the other party contends that it refers to another, or is a nullity on account of its uncertainty. It is a primary rule of construction of documents that the Court must if possible ascertain and give effect to the mutual intention of the parties and in doing this greater regard is to be had to the clear intent of the parties than to any particular words which they may have used in the expression of their intent. See *Chesapeake etc. Canal* v. *Hill*, 15 Wall. 94; *Pressed Steel Car Co.* v. *Eastern R. R. Co.*, 121 Fed. 609; 57 C. C. A. 635. The intention of the parties is to be collected and determined from the entire instrument and not merely from detached portions. The instrument in this case provides for an extension of time for the " assessment of the amount of income, excess-profits or war-profits taxes due under any return made by or on behalf of said taxpayer * * *." We must consider this expression in connection with the period set out. Both parties to the instrument understood that the return had been filed for the calendar year 1922.

It is also a rule of construction that where particular words in an instrument are susceptible of two meanings, one of which will uphold the contract and render it valid, and the other of which will destroy or render it invalid, the former construction will be adopted so as to uphold the contract. *Tiernan* v. *Jackson*, 5 Peters 580; *Cole Motor Co.* v. *Hurst*, 227 Fed. 280; *Cooper* v. *Northern Pacific Railroad Co.*, 212 Fed. 533.

Another rule of construction well recognized is that if no meaning can be given to a word or expression from the connection in which it is used, or if it is inconsistent with other expressed provisions of

the instrument, on examination of the whole instrument such word or term may be treated as mere surplusage.  *Way* v. *Greer*, 81 N. E. 1002.

In this instrument the words " seven months ended July 31 " when used in connection with the previous expression " for the year 1922," considered with the fact that the expressions were used in connection with the return already filed, which was for the calendar year 1922, are inconsistent with the former expressions.

In construing the instrument so as to arrive at the intention of the parties we must do so in the light of the circumstances surrounding the parties when the instrument was executed.  We should place ourselves, as nearly as may be, in the situation of the parties so as to view the circumstances as they viewed them and in doing so we are better enabled to judge of the meaning of the language used.  When we do this there can be no doubt in our mind that the parties intended a waiver for the calendar year 1922.  That was clearly the period for which the parties, both the taxpayer and the Commissioner, had in mind to extend the period.

It is also to be observed in this case that, after the execution of the waiver, both the parties apparently construed it as extending the time for the calendar year 1922.  The Commissioner clearly relied upon this waiver as being sufficient to extend the time.  Considering all the facts and circumstances, we are of the opinion that the waiver was for the calendar year 1922.

The petitioner also raised the question that there is no testimony to show that the Commissioner either signed the waiver in person or authorized any one in his behalf to sign it.  The instrument, however, appears regular on its face, with the Commissioner's signature thereon.  Apparently this signature was placed there not by the Commissioner personally, as it bears initials below the signature. However, there is a presumption that the signature was placed there by some one having authority to do it.  The waiver appears upon its face to be properly executed and if it is not, the taxpayer should have introduced some evidence to the contrary.  Until the contrary appears, a waiver which is regular on its face, bearing the signature of the proper parties, will be accepted and considered of legal and binding effect.  *Liberty Baking Co.* v. *Heiner*, 34 Fed. (2d) 513; *Pantages Theatre Co.* v. *Lucas*, 42 Fed. (2d) 810; *Marshall Wells Co.* v. *Willcuts*, 41 Fed. (2d) 751; *Diamond Alkali Co.* v. *Heiner*, 39 Fed. (2d) 645.

In view of the foregoing, it is our opinion that the statute of limitations has not run.  The case will be restored to the calendar for hearing on the merits in due course.

, Reviewed by the Board.

VAN FOSSAN dissents.