BARRY A. SCHERR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Scherr v. Commissioner
Docket No. 31420-87
United States Tax Court
T.C. Memo 1990-225; 1990 Tax Ct. Memo LEXIS 259; 59 T.C.M. (CCH) 521; T.C.M. (RIA) 90225; May 7, 1990, Filed Richard L. Manning, for the petitioner. Janine M. Poronsky, for the respondent. WHALEN, Judge. WHALEN
*746 MEMORANDUM OPINION This case is before the Court to decide respondent's Motion For Entry Of Decision, and petitioner's response thereto contained in Petitioner's Response to Order to Show Cause. When the case was called for trial, the parties appeared through their attorneys and advised the Court that they had reached the basis for settlement set forth in a Stipulation of Settled Issues ("Stipulation") which they filed with the Court. They now ask the Court to settle a disagreement which has arisen between them concerning the method of computing an addition to tax for a substantial understatement of income tax under section 6661,for which petitioner was "liable" under the Stipulation. (All section numbers refer to the Internal Revenue Code, as amended.) The issue for decision is whether the addition is to be applied to the entire underpayment of tax computed under the Stipulation or whether a portion of the underpayment attributable to the income averaging adjustment described below is not *261 subject to the addition. The brief facts relevant to this opinion began when respondent issued a notice of deficiency in which he determined the following deficiencies in, and additions to, petitioner's Federal income tax: Additions to Tax
Year
Deficiency
§ 6651(a)(1)
§ 6653(a)(1)
§ 6653(a)(2)
§ 6661
1983
$ 48,483.00
$ 12,120.75
$ 2,591.05
*
$ 12,120.75
1984
30,373.50
100.00
1,518.68
*
7,593.38
Petitioner thereafter sought redetermination of his tax for both years in a timely petition to this Court. At the time petitioner filed his petition, he resided in Park Forest, Illinois. As mentioned above, when this case was called for trial, the parties reported the case as settled and filed the Stipulation with the Court. It provides as follows:
The parties hereby settle the following issues in the above entitled case: 1. For the taxable year 1983, *262 petitioner concedes the net operating loss adjustment in the amount of $ 165,060.01; respondent concedes the net operating loss adjustment in the amount of $ 21,233.99. 2. For the taxable year 1983, respondent concedes the bad debt adjustment in full. 3. For the taxable year 1983, petitioner concedes the capital gain adjustment in full. 4. For the taxable year 1983, respondent concedes the Schedule E adjustment in full. 5. For the taxable year 1983, petitioner is not liable for the additions [sic] to tax under I.R.C. section 6651. 6. For the taxable year 1983, petitioner is not liable for the additions [sic] to tax under I.R.C. section 6653(a). 7. For the taxable year 1983, petitioner is liable for the additions [sic] to tax under I.R.C. section 6661. 8. For the taxable year 1984, petitioner concedes the depreciation adjustment in the amount of $ 2,146.00; respondent concedes the depreciation adjustment in the amount of $ 3,190.00. 9. For the taxable year 1984, petitioner is entitled to an investment tax credit in the amount of $ 1,348.00. 10. For the taxable year 1984, respondent *263 concedes the miscellaneous adjustment for income from Paine Webber in full. 11. For the taxable year 1984, petitioner is not liable for the additions [sic] to tax under I.R.C. section 6651. *747 12. For the taxable year 1984, petitioner is not liable for the additions [sic] to tax under I.R.C. section 6653(a). 13. For the taxable year 1984, petitioner is liable for the additions [sic] to tax under I.R.C. section 6661. In due course, respondent computed the following tax deficiencies and additions to effectuate the parties' settlement: Additions to Tax
Year
Deficiency
§ 6653(a)
§ 6651(a)(1)
§ 6661
1983
$ 33,049.51
-0-
-0-
$ 8,262.38
1984
21,830.00
-0-
-0-
5,457.50
Respondent computed the tax deficiency for 1984, $ 21,830, by making three adjustments to petitioner's return. First, he eliminated a depreciation deduction in the amount of $ 2,146, as agreed in Paragraph 8 of the Stipulation. Second, he gave petitioner the benefit of an investment tax credit in the amount of $ 1,348, as agreed in Paragraph 9 of the Stipulation. Third, *264 he computed petitioner's tax liability for the year without taking into account the so-called income averaging limitation provided by sections 1301-1305. [1] Petitioner became ineligible for the income averaging limitation for 1984 by reason of the adjustments conceded by him for 1983, which apparently reduced his averageable income to less than $ 3,000. *265 Respondent treated the above tax deficiency as an "underpayment" of tax attributable to a "substantial understatement" of tax within the meaning of section 6661(a). In computing the substantial understatement addition for 1984, he therefore applied the 25-percent rate specified by section 6661(a) to the full amount of the deficiency, $ 21,830, to arrive at $ 5,457.50. Petitioner agreed with all of the amounts computed by respondent, except he disagreed with the $ 5,457.50 addition to tax. After he refused to execute decision documents, respondent filed the subject motion asking the Court to enter decision in accord with his computation. The Court granted respondent's motion in that it ordered petitioner to show cause why decision should not be entered in accordance with respondent's computation. Pursuant to such order, petitioner filed Petitioner's Response to Order to Show Cause in which he asked the Court to reject respondent's computation and accept his own alternative computation of the addition to tax in the amount of $ 999. Petitioner attacks respondent's computation of the substantial understatement addition on two theories. First, he draws attention to the terms of *266 the statute, which provides in pertinent part as follows:
(a) ADDITION TO TAX. -- If there is a substantial understatement of income tax for any taxable year, there shall be added to the tax an amount equal to 25 percent of the amount of any underpayment attributable to such understatement. (b) DEFINITION AND SPECIAL RULE. -- (1) SUBSTANTIAL UNDERSTATEMENT. -- (A) IN GENERAL. -- For purposes of this section, there is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of-- (i) 10 percent of the tax required to be shown on the return for the taxable year, or *748 (ii) $ 5,000. (2) UNDERSTATEMENT. -- (A) IN GENERAL. -- For purposes of paragraph (1), the term "Understatement" means the excess of -- (i) the amount of the tax required to be shown on the return for the taxable year, over (ii) the amount of the tax imposed which is shown on the return, reduced by any rebate (within the meaning of section 6211(b)(2)). (B) REDUCTION FOR UNDERSTATEMENT DUE TO POSITION OF TAXPAYER OR DISCLOSED ITEM. -- The amount of the understatement under subparagraph (A) shall *267 be reduced by the portion of the understatement which is attributable to -- (i) the tax treatment of any item by the taxpayer if there is or was substantial authority for such treatment, or (ii) any item with respect to which the relevant facts affecting the item's tax treatment are adequately disclosed in the return or in a statement attached to the return.
Petitioner argues that the "understatement" computed by respondent should be reduced pursuant to the provisions of section 6661(b)(2)(B) because there was "substantial authority" for his use of income averaging and because the relevant facts affecting his income averaging computation were "adequately disclosed." See generally Schirmer v. Commissioner, 89 T.C. 277 (1987). Respondent argues to the contrary. We note, however, that the parties submitted this dispute as a settled case in which all of the legal and factual issues had been compromised, and petitioner conceded liability for the substantial understatement addition as part of their settlement bargain. Respondent's motion for entry of decision does not raise the merits of any of the adjustments set forth in the Stipulation. Absent petitioner *268 filing, and the Court granting, a motion to vacate the Stipulation, we will not consider the merits of any such conceded adjustments. The Court's role, at this point, is to determine only what the parties meant by their agreement, not whether their agreement was substantively correct on the merits. See, e.g., Stamm International Corp. v. Commissioner , 90 T.C. 315, 321-322 (1988); Applestein v. Commissioner, T.C. Memo. 1989-42. Petitioner's second attack on respondent's computation is his claim that application of the substantial understatement addition to his entire deficiency is contrary to the agreement of the parties. He claims that they agreed to exclude the income averaging adjustment from the addition to tax. In support of his position, petitioner points to a revenue agent's report ("Report"), dated May 13, 1988, which applies the addition only to certain proposed adjustments, and not to the income averaging adjustment, unlike the action taken by respondent in his computation for entry of decision. The Report provides as follows: EXPLANATION OF THE SUBSTANTIAL UNDERSTATEMENT OF LIABILITY PENALTY
Since there is a substantial understatement of income tax, a
penalty is asserted pursuant to Section 6661 of the Internal
Revenue Code. 1984 - SUBSTANTIAL UNDERSTATEMENT PENALTY
1. Total corrected tax liability, Form 4549, line 11
39,673 2. Total tax on return, Form 4549, line 12
20,560 3. Line 1 less line 2 - total understatement
19,113 4. Portion of understatement attributable to issues
not subject to the substantial understatement or
valuation overstatement penalties
13,651 5. Line 3 less line 4
5,462 6. Understatement attributable to issues subject to the
valuation overstatement penalty
0 7. Line 5 less line 6 - understatement
attributable to issues subject to the
substantial understatement penalty (zero
unless line 5 exceeds the greater of 10% of
line 1 or $ 5,000)
5,462 8. Applicable substantial understatement rate 25.00% 9. Line 7 multiplied by line 8
Substantial Understatement Penalty
1,366 *269 ADJUSTMENTS TO WHICH SUBSTANTIAL UNDERSTATEMENT PENALTY APPLIES: 1. Depreciation
1,334
2. Gross Income/Gross Receipts
176
Petitioner's counsel states in Petitioner's Response to Order to Show Cause that:
both Ms. Janine Poronsky, respondent's counsel, and myself, believed the substantial understatement penalty for 1984 would be a few hundred dollars. My belief was based on a calculation of that penalty in an amended Revenue Agent's Report for 1983 and 1984. Ms. Poronsky's belief was based on a similar penalty calculation in a later report prepared by the same agent regarding the proposed settlement. At one point, Ms. Poronsky thought the penalty for 1984 would be zero. However, when the decision documents were presented to petitioner, the substantial understatement penalty was $ 5,457.50, or some $ 2,090 more than the total adjustments for that year. In arriving at this penalty, the Service spurned the procedure twice used by its own Revenue Agent, overlooked its own computer form for calculating the penalty, and ignored the plain dictates of § 6661.
Petitioner also states that his alternative computation is:
precisely *270 the range of penalty both parties had in mind when we settled this case. Both of us were aware that the Revenue Agent had *749 calculated this penalty to be a few hundred dollars, not $ 5,457.50. The Revenue Agent in fact used the proper method to calculate the penalty, and we request the Court to enter an order finding the § 6661 penalty for 1984 to be $ 999.00.
Petitioner seeks interpretation of the Stipulation in his favor, rather than reformation, rescission, or vacation of the Stipulation on the grounds of mutual mistake, fraud, misrepresentation or some wrongful conduct on the part of respondent. See, e.g., Stamm International Corp. v. Commissioner, supra; Spector v. Commissioner, 42 T.C. 110 (1964); Saigh v. Commissioner, 26 T.C. 171 (1956). Respondent, on the other hand, asks us to interpret the Stipulation to mean that petitioner's entire tax deficiency is subject to the substantial understatement addition. He responds to the Report by stating that:
The Report was not issued as the Commissioner's determination of petitioner's deficiency and penalties for the years in issue. Petitioner *271 rejected the settlement position set forth in the Report, and the parties subsequently settled the case on other grounds.
Respondent also contends, as an evidentiary matter, that the Report is inadmissible under Rule 408 of the Federal Rules of Evidence ("Rule 408") because it was submitted to petitioner by respondent during settlement negotiations. This Court has held that general principles of contract law govern the compromise and settlement of Federal tax cases. As we said in Robbins Tire and Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969), "a compromise is a contract and thus is a proper subject of judicial interpretation as to its meaning, in light of the language used and the circumstances surrounding its execution." See also Brink v. Commissioner, 39 T.C. 602, 606 (1962), affd. 328 F.2d 622 (6th Cir. 1964); Saigh v. Commissioner, supra at 177; Davis v. Commissioner, 46 B.T.A. 663, 671 (1942); Himmelwright v. Commissioner, T.C. Memo. 1988-114. Absent wrongful misleading conduct or mutual mistake, we will enforce a stipulation of settled issues in accordance *272 with our interpretation of its written terms. Stamm International Corp. v. Commissioner, supra at 322; Korangy v. Commissioner , T.C. Memo. 1989-2, affd. 893 F.2d 69 (4th Cir. 1990). Paragraph 13 of the Stipulation provides that "for the taxable year 1984, petitioner is liable for the additions [sic] to tax under I.R.C. section 6661." Although this paragraph states that petitioner is liable for an addition to tax under section 6661 for 1984, it does not specify the amount of petitioner's liability or the method by which it is to be calculated. Nor does the Stipulation expressly include or exclude the income averaging adjustment from application of the substantial understatement addition. Moreover, there is no reference to the Report in the Stipulation and nothing to suggest that the parties intended the addition to be computed in the same manner as the Report. What is clear from the Stipulation is that the parties intended it to be read in conjunction with respondent's notice of deficiency. The Stipulation consists of a series of concessions of, or changes to, the various "adjustments" and "additions *273 to tax" set forth in the notice. Some of them are concessions by respondent, others by petitioner. Without reference to the notice of deficiency, the Stipulation is incomprehensible. Furthermore, when the Stipulation and the notice of deficiency are read side by side, it appears that the parties intended petitioner's tax liability to be computed in accordance with the notice of deficiency, unless specifically changed by the Stipulation. Significantly, the Stipulation, on its face, does not purport to change the method of computing the addition under section 6661 from that used in the notice of deficiency. In turning to the notice of deficiency, we note that respondent computed petitioner's "corrected tax liability," i.e., the amount of income tax "imposed" under the Internal Revenue Code, without using the income averaging limitation on tax. Next, he computed petitioner's tax deficiency, $ 30,373.50, by subtracting the amount of income tax actually shown on petitioner's return from the amount of income tax "imposed." See Sec. 6211. He then applied the 25-percent rate set forth in section 6661(a) to the entire amount of such deficiency, to arrive at an addition to tax under *274 section 6661 of $ 7,593.38. Thus, respondent first treated the whole deficiency as an "underpayment" of tax within the meaning of section 6661(a). He then treated the whole "underpayment" as an "understatement" within the meaning of section 6661(b)(2). Specifically, we note that he did not "reduce" the understatement pursuant to section 6661(b)(2)(B) by the portion of the deficiency attributable to petitioner's ineligibility for the income averaging limitation. Finally, respondent treated the entire understatement as a "substantial understatement" exceeding the greater of $ 5,000 or 10 percent of the tax required to be shown on petitioner's return, as provided in section 6661(b)(1)(A). Petitioner's argument that the parties intended to reduce his understatement by the *750 portion of such understatement attributable to the income averaging adjustment is based solely on the Report, a document which is outside the four corners of the Stipulation. Generally, this Court will not admit extrinsic evidence to expand, vary, or explain the terms of a written contract unless the contract is "ambiguous." Woods v. Commissioner, 92 T.C. 776, 780-781 (1989); Constitution Publishing Co. v. Commissioner, 22 B.T.A. 426, 427-428 (1931). *275 In this case, petitioner has not shown that the Stipulation is ambiguous, i.e., that "it can reasonably be interpreted to have more than one meaning." Woods v. Commissioner , supra at 780. Thus, we cannot consider the Report in support of petitioner's attempt to vary the terms of the Stipulation, and we need not address respondent's objection to the Report under Rule 408. Even if we were to consider the Report, we note that respondent denies that it was a material part of their ultimate settlement bargain. In the face of this denial, the Report by itself would be insufficient to support petitioner's position that the parties intended to exclude the income averaging adjustment from the addition to tax. In our view, the Stipulation embodies the parties' agreement to adjust petitioner's tax deficiency and to compute the substantial understatement addition by applying the 25-percent statutory rate to the entire deficiency, including the portion attributable to the income averaging adjustment, as respondent had done in the notice of deficiency. Petitioner having failed to show cause otherwise, we conclude that respondent's instant computation is in accordance with *276 this agreement and accordingly grant his Motion for Entry of Decision. An appropriate order will be issued. Footnotes
*. 50 per cent of the interest due on the underpayment for each year.↩
1. The income averaging limitation, although now repealed for taxable years beginning after December 31, 1986, allowed certain eligible taxpayers to compute their income tax liability for "computation years" beginning after December 31, 1983, by applying a lower tax rate to their "averagable income," which was the difference between their taxable income for the computation year and 140 percent of their average "base period" income for the three preceding years, to the extent such averageable income exceeded $ 3,000. Secs. 1301, 1302; sec. 141(a), Tax Reform Act of 1986, Pub. L. 99-514, 100 Stat. 2117; sec. 173, Deficit Reduction Act of 1984, Pub. L. 98-369, 98 Stat. 703.↩