T.C. Memo. 1998-262


UNITED STATES TAX COURT


ESTATE OF KEVIN J. LORENZ, DECEASED, ELIZABETH J.
LORENZ, PERSONAL REPRESENTATIVE AND
ELIZABETH J. LORENZ, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

COMET PRINTING, INC., Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 12138-96, 12140-96.[1]    Filed July 16, 1998.


Charles Henry Hammer, for petitioners.

Michelle K. Loesch, Lisa M. Oshiro, and Gregory Hahn, for

respondent.

_____

[1]The cases of docket No. 12138-96 and docket No. 12140-96
were consolidated for trial, briefing, and opinion by order of
this Court dated Aug. 28, 1996.

MEMORANDUM OPINION

COLVIN, Judge:  This matter is before the Court on respondent's motions for entry of decision filed in Estate of Lorenz v. Commissioner, docket No. 12138-96, and in Comet Printing, Inc. v. Commissioner, docket No. 12140-96.  Petitioners filed objections to respondent's motions, and respondent filed replies to petitioners' responses.  No party requested a hearing, and we conclude that none is necessary.

When these cases were called for trial, counsel for the parties reported that they had reached a basis of settlement, which they stated for the record.  They now ask the Court to construe the basis of settlement on two points:

1.  Whether the fraud penalties for Elizabeth Lorenz and for the Estate of Kevin J. Lorenz for 1989 and 1990 should both be computed based on the entire deficiency, as respondent contends, or on one-half of the deficiency, as petitioners contend.  We hold that they should both be computed based on the entire deficiency.

2.  Whether the depreciation deductions for Comet Printing, Inc., should be increased by $19,432 for 1989 and $22,863 for 1990 from the amounts determined by respondent in the notice of deficiency.  We hold that they should not.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

## Background

### A. Petitioners

Elizabeth J. Lorenz (Mrs. Lorenz) lived in Spokane, Washington, when she filed the petition on behalf of herself and the Estate of Kevin J. Lorenz (Mr. Lorenz). Mr. Lorenz was Mrs. Lorenz's husband when he died.

The principal place of business of Comet Printing, Inc. (Comet), was in Spokane, Washington, when it filed its petition. Mrs. Lorenz owned Comet when it filed its petition.

### B. Respondent's Determinations

Respondent determined a deficiency in income tax for Mr. and Mrs. Lorenz of $31,880 for 1989 and $60,258 for 1990, and determined that they are liable for a fraud penalty of $23,910 for 1989 and $45,194 for 1990 under section 6663.

Respondent determined a deficiency in income tax for Comet of $34,710 for 1989 and $64,915 for 1990, and determined that Comet is liable for a fraud penalty of $26,032 for 1989 and $48,686 for 1990 under section 6663.

### C. The Settlement

Charles Hammer (Mr. Hammer) represented petitioners and Lisa Oshiro (Ms. Oshiro) represented respondent when the cases were

called for trial.  They told the Court that they had reached a basis of settlement.  Respondent's counsel stated the following basis of settlement for the record:

> MS. OSHIRO:  Your Honor, the parties are pleased to announce a basis for settlement has been reached in this case.  There's some question as to whether we have the correct starting number.  There's an adjustment that respondent believes was conceded before the notice of deficiency was sent, and we will need to clarify that.  But otherwise, it's -- respondent is willing to make the concession; it's a question of whether it was made before the notice went out.
>
> The basis for settlement, with question as to whether this is the proper starting number for Comet Printing in 1989, starting number is $127,023.
>
> Respondent concedes there was a duplication of an income item in the amount of $2,300.
>
> Respondent concedes additional cash expenses in the amount of $20,000.
>
> Respondent concedes additional cash postage in the amount of $5,000.
>
> Respondent also concedes a technical adjustment to take the petitioners from cash basis to accrual basis in 1989.  The adjustment is $8,660.
>
> For the tax year 1990 -- oh, a fraud penalty will be asserted in full for the 1989 tax year.
>
> With respect to petitioner Comet Printing in 1990, the original amount for the notice of deficiency was $211,699.
>
> Respondent concedes additional cash expenses in the amount of $15,100, and additional cash postage in the amount of $5,000.
>
> The civil fraud penalty will be asserted in full with respect to Comet Printing for the year 1990.
>
> With respect to petitioners Kevin -- estate of Kevin Lorenz and Elizabeth Lorenz, the starting number per the notice of deficiency for 1989 was $105,019.
>
> Respondent concedes additional capital contributions in the amount of $23,000, additional cash expenses for the corporation -- it's a flow-through adjustment -- of $20,000, and the additional postage for the corporate expenses of $5,000.

The civil fraud penalty will be asserted in full with respect to the estate of Kevin Lorenz, and at a reduced rate of 20 percent with respect to petitioner Elizabeth Lorenz.

Petitioners' counsel then said that he had a question and asked to go off the record to clarify it with the revenue agent. When the parties went back on the record, they announced they had answered petitioners' counsel's question but had still not agreed to the "starting number" for Comet; i.e., its gross income for 1989. The parties had agreed to certain adjustments, but had not agreed on whether the amount of gross income to which they should apply those adjustments was the amount in the revenue agent's original report or amended report. The following discussion occurred next:

MS. OSHIRO: * * * There was a [sic] original revenue agent's report and an amended revenue agent's report. In the amended revenue agent's report, a $15,000 concession was made. The question is whether the statutory notice of deficiency was based upon the original revenue agent's report or upon the amended revenue agent's report. If the notice of deficiency was based upon the original revenue agent's report, then respondent will then concede the $15,000; if it is based upon the amended revenue agent's report, then petitioners agree that that number does not get conceded again.

MR. HAMMER: That's correct.

Following another recess requested by the parties, respondent's counsel stated that the parties had reached the following basis of settlement for 1989:

With respect to Comet Printing, Inc. per the examination, the adjustment was $127,023.

Respondent concedes a duplication of income item in the amount of $2,300.

Respondent concedes additional cash expenses in the amount of $20,000.

Respondent concedes additional cash postage in the amount of $5,000.

Respondent concedes an adjustment to the accrual basis of accounting in the amount of $8,660.

Respondent concedes additional legal fees in the amount of $4,000.

And respondent concedes an equipment loss in the amount of $7,000.

The fraud penalty will be imposed in full with respect to petitioner Comet Printing.

With respect to petitioners the estate of Kevin Lorenz and Elizabeth Lorenz, the initial adjustment for the 1989 tax year for the notice of deficiency is $105,019.

Respondent concedes an additional capital contribution in the amount of $23,000.

Respondent concedes additional cash expenses for the corporation in the amount of $20,000.

Respondent concedes additional postage for the corporate expense in the amount of $5,000.

Respondent concedes legal fees, reducing the constructive dividend, in the amount of $4,000.

The fraud penalty in full will be asserted against the estate of Kevin J. Lorenz, and a reduced fraud penalty will be asserted against petitioner Elizabeth Lorenz at the amount of 20 percent.

Petitioners' counsel then said, "We're in agreement, Your Honor", and said that petitioners agreed to settle the cases on that basis. Respondent's counsel and petitioners' counsel then added:

MS. OSHIRO: Yes. And for the record, the settlement with respect to the 1990 tax year is as was read into the record earlier.

MR. HAMMER: That's correct, Your Honor. We're in agreement -- full agreement on both 1989 and 1990 as to the corporation and the individual.

The Court gave the parties 45 days to prepare and file decision documents.

D.    Respondent's Proposed Decisions

Respondent sent proposed decisions to petitioners which stated that Mrs. Lorenz and the estate of Mr. Lorenz have a deficiency in Federal income tax of $14,720 for 1989 and $54,630 for 1990. The proposed decisions also stated that Mrs. Lorenz is liable for the fraud penalty at the reduced rate of 20 percent and the estate of Mr. Lorenz is liable for the fraud penalty at the rate of 75 percent, as follows:

Joint Liability at 20-Percent Rate

| Year | Penalty Under Sec. 6663 |
|------|-------------------------|
| 1989 | $2,944 |
| 1990 | 10,926 |

Additional Amount Due From
Estate of Kevin J. Lorenz, Deceased,
at 75-Percent Rate

| Year | Penalty Under Sec. 6663 |
|------|-------------------------|
| 1989 | $8,096 |
| 1990 | 30,046 |

Petitioners' accountant told respondent's counsel that he thought respondent had calculated the fraud penalty for Mrs.

Lorenz improperly. Petitioners' accountant wrote the following to respondent's counsel:

> It was crystal clear to me that the agreement with respect to the fraud penalty was that a 20% penalty would be asserted against Mrs. Lorenz with respect to her share of the additional tax. It is incredulous for me to believe that you would not inform us as to the impact of such an agreement (i.e., the government would collect the entire 75% from both the estate and the individuals) if the estate has sufficient assets. You should have been acutely aware of the fact as all of us that the estate possessed sufficient assets from which to collect the difference between the 20% and the 75%. Any reasonable person would conclude that we would never agree to such an application as you now attempt to explain to us.

Petitioners' counsel wrote a letter to respondent's counsel in which he said:

> The only clear and rational interpretation of the negotiated penalty concession was that Mrs. Lorenz was to pay a 20 percent fraud penalty on her one-half and the Estate of Kevin Lorenz was to pay the full 75 percent penalty on its one-half.

### Discussion

A. Fraud Penalty

1. Computation of the Fraud Penalty

The parties agree that the estate of Mr. Lorenz and Mrs. Lorenz had a deficiency in income tax; i.e., total underpayment, of $14,720 for 1989 and $54,630 for 1990.

Respondent calculated the fraud penalty to be paid by the estate of Mr. Lorenz by applying the 75-percent rate to Mr. and Mrs. Lorenz's total underpayment for each year in issue.

Respondent calculated the fraud penalty for Mrs. Lorenz by applying a 20-percent rate to Mr. and Mrs. Lorenz's total underpayment for each year.

Petitioners contend that respondent should have computed the fraud penalty by applying 20 percent of one-half of the total underpayment for Mrs. Lorenz and 75 percent of one-half of the total underpayment for the estate of Mr. Lorenz. We disagree.

Section 6663 imposes a 75-percent fraud penalty. Section 6663(b) and (c) provides:

> (b) Determination of Portion Attributable to Fraud.--If the Secretary establishes that any portion of an underpayment is attributable to fraud, the entire underpayment shall be treated as attributable to fraud, except with respect to any portion of the underpayment which the taxpayer establishes (by a preponderance of the evidence) is not attributable to fraud.

> (c) Special Rule for Joint Returns.--In the case of a joint return, this section shall not apply with respect to a spouse unless some part of the underpayment is due to the fraud of such spouse.

Mr. and Mrs. Lorenz filed joint returns for the years in issue. Thus, Mrs. Lorenz and the estate of Mr. Lorenz are jointly and severally liable for the penalty for civil fraud if respondent establishes that Mrs. Lorenz is liable for the fraud penalty independent of the liability of the estate of Mr. Lorenz. See Meier v. Commissioner, 91 T.C. 273, 303 n.34 (1988) (for sec. 6653(b)); Stone v. Commissioner, 56 T.C. 213, 227-228 (1971). The basis of settlement provides that the civil fraud penalty

will be asserted in full against the estate of Mr. Lorenz and that Mrs. Lorenz is liable for a reduced fraud penalty at an amount of 20 percent. By agreeing that the fraud penalty applies both to Mrs. Lorenz and to the estate of Mr. Lorenz, they have each conceded that a part of their underpayment is due to fraud. Therefore, liability for the fraud penalty is joint and several because part of the underpayment is due to the fraud of each spouse. Sec. 6663(c); Meier v. Commissioner, supra.

The parties agreed to a reduced rate for the fraud penalty for Mrs. Lorenz, but did not reduce the base to which the penalty applies for either petitioner. It follows that respondent properly calculated the fraud penalty for the estate of Mr. Lorenz by applying the 75-percent rate to Mr. and Mrs. Lorenz's total underpayment for each year in issue and for Mrs. Lorenz by applying a 20-percent rate to Mr. and Mrs. Lorenz's total underpayment for each year.

## 2. Petitioners' Arguments

Petitioners contend that (a) the parties had previously orally agreed to apply the fraud penalty separately to the estate of Mr. Lorenz and Mrs. Lorenz based on only one-half of the underpayment, and the failure of the basis of settlement to so provide was a mutual mistake; (b) respondent's counsel knew that the estate could pay the difference between the 20 percent and

the 75 percent and a reasonable person would not have settled the case on the terms respondent claims; and (c) respondent should have told petitioners that the Government would collect the entire 75 percent from both the estate and the individuals.

### a. Mutual Mistake

General principles of contract law govern the compromise and settlement of Federal tax cases. Dorchester Indus. Inc. v. Commissioner, 108 T.C. 320, 330 (1997); Robbins Tire & Rubber Co. v. Commissioner, 52 T.C. 420, 435-436 (1969); Brink v. Commissioner, 39 T.C. 602, 606 (1962), affd. 328 F.2d 622 (6th Cir. 1964); Saigh v. Commissioner, 26 T.C. 171, 177 (1956); Davis v. Commissioner, 46 B.T.A. 663, 671 (1942).

Mutual mistake occurs when both parties to a transaction share an erroneous belief and their acts do not accomplish their mutual intent. Healy v. Rich Prods. Corp., 981 F.2d 68, 73 (2d Cir. 1992). We may reform a contract if there is clear and convincing evidence of mutual mistake. Id. Unilateral mistake occurs when only one of the parties to a transaction is in error. Id. We do not reform a contract based solely on unilateral mistake. Id.

Petitioners contend that mutual mistake occurred here because the parties had agreed that the fraud penalty for Mrs. Lorenz and the estate of Mr. Lorenz would apply to one-half of

the underpayment.  There is no evidence, much less clear and convincing evidence, that the parties made a mutual mistake.  All we have is competing contentions of counsel.  We conclude that the basis of settlement for fraud should not be reformed based on mutual mistake.

b.   Nonsensical Result

Petitioners contend that respondent's interpretation of the statement of the basis of settlement in the transcript is nonsensical because, under respondent's interpretation, petitioners did not benefit by having a 20-percent rate apply to the fraud penalty for Mrs. Lorenz.

Petitioners' contention that the basis of settlement in the transcript is nonsensical is based on their contention that respondent's counsel knew petitioners' financial status. Respondent's counsel denied that they knew petitioners' financial status; petitioners' counsel contends that they did.  There is no evidence to support petitioners' allegation that respondent's counsel knew that the estate of Mr. Lorenz had sufficient assets to pay the fraud penalty on the entire underpayment. Petitioners' accountant alleged in a letter to respondent's counsel that respondent's counsel should have known that the estate of Mr. Lorenz had enough assets to pay the fraud penalty

on the entire underpayment. He did not say that respondent's counsel actually knew.

c. Respondent's Duty To Inform Petitioners

Petitioners contend that respondent should have told them that the fraud penalty rates applied to the full underpayment under the basis of settlement. We disagree. The fraud penalty rates apply to the full underpayment because of section 6663(b) and (c), as discussed at par. A-1 above. Petitioners had the advice of counsel and an accountant during the negotiation of the basis of settlement. We disagree that respondent had a duty to inform petitioners of the law applicable to the settlement. Stamm Intl. Corp. v. Commissioner, 90 T.C. 315, 320-321 (1988).

3. Conclusion

We conclude that the fraud penalties for Mrs. Lorenz and the estate of Mr. Lorenz should both be computed based on the entire deficiency.

B. Comet's Depreciation

Petitioners contend that the depreciation deduction for Comet should be increased by $19,432 for 1989 and $22,863 for 1990 from the amounts stated in the notice of deficiency. Petitioners contend that respondent had agreed to this change, but that, by mutual mistake, this agreement was not read into the

record.  Petitioners also contend that these amounts of additional depreciation are properly allowable under the law.

Respondent contends that the basis of settlement stated for the record was complete.  Respondent also contends that the amounts of additional depreciation claimed by Comet are not correct and that respondent did not agree to those amounts.

We are not convinced that mutual mistake is present in these cases because both parties said that the basis of settlement represented the full settlement agreement.  The basis of settlement used the amount of gross income for Comet as determined by respondent as a starting point.  If respondent had agreed to make any additional concessions, petitioners' counsel should have identified them to the Court when the settlement was presented.  See Stamm Intl. Corp. v. Commissioner, supra; Korangy v. Commissioner, T.C. Memo. 1989-2, affd. 893 F.2d 69 (4th Cir. 1990).  The parties are bound by the basis of settlement as stated on the record and may not rely on extrinsic evidence to prove that they had agreed to something else.  Woods v. Commissioner, 92 T.C. 776, 780-781 (1989); Constitution Publg. Co. v. Commissioner, 22 B.T.A. 426, 427-428 (1931).

We conclude that Comet is not entitled to deduct more for depreciation than respondent allowed.

For the foregoing reasons,

        An order will be issued
granting respondent's motions
for entry of decisions.